LINKENHELT *v.* STATE OF INDIANA.

[No. 27,990. Filed December 13, 1944.]

*Walter J. Bixler,* of Peru, for Appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Deputy Attorney General, *Frank E. Coughlin,* Deputy Attorney General, for the State.

FANSLER, J.—The appellant was convicted of assault and battery with intent to commit a felony. A motion for a new trial was overruled. One of the assigned

reasons for a new trial was newly discovered evidence. It is asserted in the motion that a new witness will testify that the prosecuting witness made statements out of court inconsistent with her testimony at the trial respecting material matters. It is not suggested that the proposed new witness has any original information concerning the transaction involved.

Discretion to grant a new trial for newly discovered evidence rests primarily with the trial court. A new trial should be granted if it appears that it is probable that the newly discovered evidence will produce a different result in another trial. Before this court will conclude that a trial court has abused its discretion in ruling on such a motion, it must appear that the trial court could not reasonably have reached the conclusion that a different result was not probable. *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. (2d) 171, 12 N. E. (2d) 501, and cases cited. An examination of the record discloses that there was ample evidence to sustain a conviction without the testimony of the prosecuting witness. In fact, it might reasonably be contended that the testimony of the defendant alone was sufficient to sustain a conviction.

It has been repeatedly held that a new trial will not be granted merely to permit evidence that witnesses made statements out of court inconsistent with their sworn testimony at the trial. *Mosier* v. *State* (1942), 219 Ind. 669, 40 N. E. (2d) 698; *Hicks* v. *State, supra; Shipley* v. *State* (1936), 210 Ind. 253, 2 N. E. (2d) 389.

Judgment affirmed.

Note.—Reported in 58 N. E. (2d) 111.