## COLEMAN D/B/A POWELL-COLEMAN FUNERAL HOME v. CHAPMAN.

[No. 20,431.  Filed October 5, 1966.]

*Hilbert L. Bradley,* of Gary, for appellant.

*Byron M. Chudom* and *Chudom & Chudom,* of Gary, for appellee.

Smith, C.J.—This action was brought by the plaintiff-appellee, Harold E. Chapman, against the defendant-appellant, Leon Coleman, Sr., d/b/a Powell-Coleman Funeral Home, to recover wages which appellant allegedly promised to pay to the appellee for labor expended in the remodeling of appellant's funeral home.

The appellee, along with the other workers, was originally employed by Mr. Harris, a contractor. When Harris failed to pay the workers, they threatened to quit, but were persuaded by the appellant to continue working. The appellant promised the appellee and other workers that the wages which were once to be paid by Harris would henceforth—for work to be done in the future—be paid by the appellant and that the appellee and other workers could from June 1, 1963, "look to the appellant for their money."

The appellee, after June 1, 1963, looked to the appellant for payment for work to be performed. The appellee testified in substance that he would not have continued working if Mr. Harris—the original contractor—was to be responsible for payment for work performed.

The issues considered by the trial court were formed by appellee's complaint, in two paragraphs, in which the appellee alleged that the appellant and appellee entered into an oral agreement by the terms of which appellant agreed to pay appellee for services performed from June 1, 1963 to July 15, 1963; and that appellant orally promised to pay appellee the reasonable value of said services, which were rendered with the knowledge and acquiescence of appellant, the value of such services amounting to nine hundred sixty-six dollars ($966.00).

Appellant filed an answer of denial in two paragraphs pursuant to Rule 1-3 of the Supreme Court of Indiana.

Trial was had by jury, which returned a verdict for the appellee in the sum of nine hundred and one dollars ($901.00).

Appellee moved for judgment on the verdict. The motion was granted and judgment was entered accordingly.

The motion for a new trial contains in substance the following specifications of error:

1. The verdict of the jury is not sustained by sufficient evidence.
2. The verdict of the jury is contrary to law.
3. Certain errors occurring at the trial.

Appellant's motion for a new trial was overruled, and such action by the trial court is now assigned as error.

Appellant specifically maintains that the refusal by the trial court to give appellant's instruction number 1 to the jury on his theory of the case was prejudicial, particularly when read together with appellant's instruction number 2.

Instruction number 1 reads:

"If you find from the evidence that there was a written contract between the contractor and owners and general supervision by the contractor over all laborers during the period from June 3, 1963 to July 15, 1963, you may find for the defendant."

Instruction number 2 reads:

"If you find from the evidence that the plaintiff was employed by the contractor and under his direct supervision and control during the period from June 3, 1963 to July 15, 1963, you may find for the defendant."

It is our opinion that appellant's instruction number 1 was not applicable to the issues and the evidence and should not have been given. An instruction must not only state the law correctly but must be relevant to the issues and applicable to the evidence or it may be properly refused. *State* v. *Lincoln Memory Gardens, Inc.* (1961), 242 Ind. 206, 177 N. E. 2d 655.

The fact that there may have been a contract between the appellant and the contractor, as set out in appellant's instruc-

tion number 1, is irrelevant to the issue involved since the existence of a written contract between appellant and the contractor did not preclude the second oral agreement entered into by appellant and the appellee.

There is no evidence in the record that there was general supervision by the contractor over all the workers from June 3, 1963, as stated in appellant's instruction number 1.

It is a general rule of law that the purpose of instructing jurors is to advise them of the particular question they are to determine and to inform them as to the law and how to apply it to the facts as they find the facts to be from the evidence. *Kaplan et al.* v. *Tilles, Inc.* (1960), 131 Ind. App. 390, 171 N. E. 2d 268.

We are of the opinion that appellant's instruction number 2 accomplished the above purpose, and the court committed no error by refusing to give appellant's instruction number 1 to the jury.

Appellant further contends that the verdict of the jury is contrary to law because of a lack of evidence to sustain paragraph I of the appellee's complaint; that the verdict is not sustained by sufficient evidence and is contrary to law due to a failure of proof; and that the court erred in refusing to give an instruction which would have removed paragraph I from consideration by the jury. We shall consider the above causes together.

The complaint alleged in substance that an oral agreement existed by the terms of which the appellant was to pay the appellee $4.00 per hour for carpenter services from and after June 1, 1963.

Appellant called the appellee into his office and said, "You go ahead and work and I will be responsible for your money. I will see to it that you get your money." In determining the intention of the parties, a contract should be considered in the light of the surrounding circumstances existing at the time it was made. The court should

consider the nature of the agreement, together with all the facts and circumstances leading up to the execution of the contract, the relation of the parties, the nature and situation of the subject matter, and the apparent purpose of making the contract. *Washington Township Board of Finance* v. *American Surety Company of New York et al.* (1932), 97 Ind. App. 45, 183 N. E. 492.

Under the above standards it is clear that the appellant's words could reasonably have been understood by the appellee to mean that from June 1, 1963 the appellant would pay the $4.00 per hour wage which the appellee had agreed to work for when employed by the contractor, Mr. Harris.

Accepting the evidence most favorable to the appellee, there is certainly sufficient evidence to support the conclusion that there was a promise on the part of appellant to pay. Whether or not the specific wage of $4.00 an hour was agreed upon is irrelevant. If the owner agrees to pay a subcontractor, the latter may recover the value of work performed although no terms of payment are agreed upon and no amount fixed. 17A C. J. S. § 370 (S), 399.

Appellant next contends that the verdict is contrary to law because of lack of evidence to support paragraph II of appellee's complaint, and that the court erred in giving appellee's instructions numbered 1, 2 and 6 because neither paragraph of the appellee's complaint contained any allegation of an implied promise to pay.

The court gave the following instructions:

### Plaintiff's Instruction No. 1

"In order to justify you in finding an implied promise on the part of defendant to pay for plaintiff's services, it is necessary for the plaintiff to show by a fair preponderance of the evidence that the relations between the defendant and himself were such as to induce a belief in your minds that the parties actually did intend to make an agreement with reference to plaintiff's services and that the defendant agreed to pay for same. Further, it is necessary

for the plaintiff to show by a fair preponderance of the evidence that he rendered the services with the expectation of being paid therefor by the defendant and that such services were knowingly received by the defendant who benefited therefrom. The parties must have occupied a contractual relation towards each other, and there must have been that connection, mutuality of will interactions of the parties, generally expressed by the term 'privity of contract.'"

### Plaintiff's Instruction No. 2

"The court instructs the jury that if you believe as alleged in plaintiff's Paragraph No. 2 of Complaint, from a preponderance of the evidence, that the plaintiff at the request of Mr. Coleman, performed for him labor and services, the law implies a promise on the part of Mr. Coleman to pay for same what said services were reasonably worth."

### Plaintiff's Instruction No. 6

"You are further instructed, that once a contract, express or implied, is entered into, this contract is enforceable and binding on the parties unless said parties mutually agree to rescind or revoke the contract and waive their rights under the contract."

Where one at the request of the owner of real estate performs labor without an express agreement concerning the amount of compensation to be paid, the law implies a promise on the part of the owner to pay a reasonable compensation therefor. 17 C. J. S. § 4, p. 564. A point not covered by an express contract may be implied by the court in carrying out the intention of the parties. *The Louisville, New Albany and Chicago Railway Company* v. *Hubbard* (1888), 116 Ind. 193, 18 N. E. 611.

The appellee's version of the conversations between him and the appellant could leave no doubt in the mind of any reasonable men that the services were requested by the appellant and that the appellant expected to pay for them and the appellee expected to be paid.

The appellee's allegation of an express agreement to pay being supported by the evidence, it was necessary that the

court should instruct the jury as to the amount to be paid. Since the express agreement did not specify the amount, the court properly instructed the jury that under the circumstances a reasonable wage should be implied. Omission of a term of an express contract does not void the bargain. The parties may not give verbal expression to such important matters as the amount of payment and yet they may actually have agreed upon the amount of payment. This agreement may be implied from the intent and actions of the parties surrounding the agreement. *Corbin on Contracts*, § 29, p. 88.

The court will be more ready to find that the apparently incomplete agreement was in fact complete and required the payment and acceptance of a reasonable wage, where the parties have already acted in reliance upon their existing expressions of agreement. The fact that the appellee continued working proves the completeness of the agreement even though there may have been no agreement as to the amount he was to be paid.

It is the duty of a trial court to examine requested instructions and determine if they apply to the issues of the case and are supported by the evidence. *Ewing* v. *Timmons by Her Next Friend James Timmons* (1963), 135 Ind. App. 274, 193 N. E. 2d 497.

There was substantial evidence at the trial to support the finding of an oral agreement. It was necessary and proper for the trial court to instruct the jury as to the reasonableness of the wage to be paid appellee, and in so doing the jury could consider the amount of wages paid before the oral agreement was entered into.

Instructions based upon an express contract and calling for an implication of a term of that contract do not involve an implied contract. Appellee simply alleged an oral agreement and the court gave instructions as to what reasonable compensation should have been paid under the terms of said agreement.

No prejudicial error having been disclosed by the record, the judgment will be affirmed .

Judgment affirmed.

Bierly, Hunter and Mote, JJ., concur.

NOTE.—Reported in 220 N. E. 2d 285.