RICHARD HELDMAN *v.* STATE OF INDIANA.

[No. 2-574A113.  Filed March 10, 1975.  Rehearing denied April 7, 1975. Transfer denied May 10, 1976.]

*Judson F. Haggerty,* of Indianapolis, *Virginia Dill McCarty,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant (Heldman) appeals his conviction of possession of marijuana.

The four issues raised for our review are:

    (1)  Whether the trial court erred in overruling a motion to suppress;

    (2)  Whether there was a break in the chain of custody;

    (3)  Whether the evidence was sufficient to sustain the conviction; and

    (4)  Whether the sentence imposed was proper.

The evidence most favorable to the State reveals the following facts: On October 23, 1973, a person detained for drug possession agreed to indicate his supplier to avoid prosecution. The informant let police to Heldman's house, then accompanied an undercover agent inside in an attempt to make a purchase of marijuana. While inside, the officer observed the remains of partially smoked marijuana cigarettes and detected a distinct odor of marijuana. Being unable to accomplish the purchase the officer and informant left the residence and conferred with other officers outside. After unsuccessfully attempting to obtain a search warrant, the officers decided to make an arrest on the evidence viewed by the undercover agent. Approximately twenty minutes had elapsed since the first entry. The officers proceeded to the residence, announced their authority and demanded entry. Heldman admitted the officers whereupon he was arrested and handcuffed. The police seized the marijuana cigarettes previously observed, then thoroughly searched the premises. Other drugs were found by removing a section of paneling in the kitchen.

At the hearing on Heldman's motion to suppress, the evidence seized from behind the wall paneling was suppressed as a product of an illegal search, but the cigarettes were allowed as being in plain view. Heldman was convicted of possession and sentenced to two years and costs.

## ISSUE ONE

Heldman first contends that the trial court erred in overruling his motion to suppress the marijuana cigarettes since the arrest was without probable cause, the police failed to announce their authority and purpose and even if probable cause to arrest existed the evidence taken was not in plain view, but was the product of an illegal search and seizure.

> The test applied to determine whether probable cause existed to make a warrantless arrest is as follows:

". . . Whether at the time of the arrest the facts and circumstances within the knowledge of the officers . . .

were sufficient to warrant a prudent man of reasonable caution in believing that the arrestee had committed or was committing an offense." *Smith* v. *State* (1971), 256 Ind. 603, 607, 271 N.E.2d 133, 136.

In the present case, an experienced narcotics officer was admitted to a room which smelled of marijuana and viewed an ashtray containing what he believed were marijuana cigarettes. The trial court was correct in determining that these facts were sufficient to establish probable cause for the arrest.

Heldman next argues that the evidence should have been suppressed because the officers did not announce their authority and purpose prior to entry as commanded by IC 1971, 35-1-19-6, Ind. Ann. Stat. § 9-1009 (Burns 1956).

The officers testified, however, that they did announce their authority and purpose. Heldman's contention of forced entry was not accepted by the trial court and in reviewing the evidence on appeal, we will not weigh the evidence or judge the credibility of witnesses. *Thurman* v. *State* (1974), 162 Ind. App. 267, 319 N.E.2d 151.

Heldman's final argument on this issue is that the evidence seized was not in plain view. The record is to the contrary. The officer testified that the cigarette butts were clearly visible to him when he was first within the dwelling in an attempt to make a purchase. Since this testimony was accepted by the trial court, we must accept it and hold that the evidence was not the product of a search. *Bonds* v. *State* (1973), 158 Ind. App. 579, 303 N.E.2d 686.

The trial court did not err in overruling the motion to suppress.

## ISSUE TWO

Heldman next contends that the marijuana was improperly admitted into evidence because the state did not prove exclusive and continuous custody.

Evidence was introduced showing the exact location of the marijuana from the time it was obtained by the arresting

officers until it was introduced at trial. However, Heldman claims that because numerous persons had access to the evidence while it was in the police lab the possibility of tampering was so great that the evidence should have seen excluded.

It has been previously held that the mere possibility of tampering is not sufficient to overcome the State's proof of chain of custody. *Kolb* v. *State* (1972), 258 Ind. 469, 282 N.E.2d 541. The State is not required to exclude every possibility of tampering. *Butler* v. *State* (1972), 154 Ind. App. 361, 289 N.E.2d 772.

The chain of custody was sufficiently established in this case.

### ISSUE THREE

Heldman contends that the evidence is not sufficient to sustain the conviction in that the State failed to prove the amount in his possession or that he was not authorized to possess marijuana.

Heldman was convicted under IC 1971, 35-24.1-4-1 (c) Ind. Ann. Stat. § 10-3561 (Burns Supp. 1974). At the time of the offense that section did not require proof of an amount. It required only that knowing or intentional possession be shown which the evidence in this case clearly did.

Also, it is not incumbent upon the State to prove that defendant was not covered by an exception contained in the statute. *Day* v. *State* (1968), 251 Ind. 399, 241 N.E.2d 357.

The conviction was supported by sufficient evidence.

### ISSUE FOUR

Heldman finally contends that the sentence imposed was improper.

The statute under which Heldman was convicted is IC 1971, 35-24.1-4-1 (c), Ind. Ann. Stat. § 10-3561 (c) (Burns Supp. 1974), which provided for a determinate sentence of not less than two (2), nor more than ten (10) years. It further pro-

vided for a determinate sentence of not more than one (1) year in the case of a first offense of possession of a quantity of twenty-five (25) grams or less.

The trial court imposed a determinate sentence of two years. Heldman argues that he should have received the smaller sentence for first offenders.

We do not agree.

Heldman was convicted under counts I and IV which charged him with possession of marijuana and a previous conviction of the same offense.

It was admitted by the State at oral argument, however, that count IV was not meant to charge an offense but was offered to inform the court that Heldman had a previous conviction of possession and, thus, was not entitled to the lesser penalty provided for first offenders.

In light of this, we must reverse Heldman's conviction under count IV. However, the information in that count plus the evidence introduced at trial makes it clear that Heldman's sentence as a second offender was proper.

Judgment reversed in part and affirmed in part.

Lowdermilk and Lybrook, JJ., concur.