BRENT L. DIXON *v*. STATE OF INDIANA.

[No. 1-776A123. Filed December 15, 1976.]

*Michael J. McDaniel,* of New Albany, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—The defendant-appellant, Brent Dixon, appeals his conviction of possession of a controlled substance; to-wit:[1] marijuana in an amount more than twenty-five grams for which he received a two (2) year sentence. The following issues are presented for our review:

1. Whether there is sufficient evidence to support the jury's verdict?

2. Whether the jury's verdict is contrary to law?

The evidence most favorable to the State reveals that on the night of March 21, 1975, Brent Dixon was at the home of a Mr. Weyrauch in Washington County, Indiana. At approximately 8:45 P.M. on the night in question, Michael Caldwell, a New Albany Police Officer, and an informant went to the Weyrauch residence to purchase drugs. After being admitted by Mr. Weyrauch the "buy" was effectuated. A signal was immediately given by Caldwell to Captain Clyde Nichols, a

1. This charge was brought under IC 1971, 35-24.1-4-1(c), Ind. Ann. Stat. § 10-3561(c), (Burns Supp. 1974). This statute has been repealed by Acts 1975, P.L. 338 § 4. The current law may be found at IC 1971, 35-24.1-4.1-1 *et seq.* (Burns Code Ed.).

member of the Washington County Police Department, who was waiting outside the Weyrauch residence. Nichols entered the house and placed Mr. and Mrs. Weyrauch under arrest. Dixon was present in an adjoining room and, after being brought into the front room by Officer Caldwell, was also placed under arrest.

Caldwell testified that he observed a plastic bag containing a green substance protruding from Dixon's left pants pocket. Caldwell, suspecting the contained substance to be marijuana, took the plastic bag from Dixon and handed it to Captain Nichols. Subsequently, Dixon was charged with this offense. He was then tried by jury and convicted, and this appeal was taken.

We affirm.

Initially, Dixon argues that there is insufficient evidence to support the jury's verdict. Specifically, he argues that the State failed to prove that the entire contents of the plastic bag taken from him were marijuana, and, therefore, the trial court erred in allowing the bag containing the substance to be admitted into evidence.

At trial, the State introduced the bag and its contents into evidence over Dixon's objection. Dixon objected on the grounds that the identifying witness, James Forbes, was unable to conclusively state that the substance was marijuana.

State's expert witness, James Forbes, a chemist for the Indiana State Police Department trained in the identification of narcotic substances, testified that he conducted a series of tests[2] upon a random sample[3] of the substance taken from Dixon. His analysis disclosed that the tested sample was marijuana. During preliminary examination Forbes admitted that he could not conclusively identify the untested substance as marijuana. However, he did state that in his opinion the

---

2. The tests employed by Forbes were a microscopic comparison test, the Duquenois Levine Chemical test and a thin layer chromatic test.
3. The random sample comprised one to three tenths of a gram.

untested substance was marijuana. He further stated that it is common practice to test only a random sample of seized marijuana because the tests are destructive.

To require that each and every fragment of a controlled substance be examined, as Dixon argues, would be impossible. It is sufficient and in compliance with accepted procedure that a representative sample of the controlled substance be scientifically tested and that the examining expert give his opinion as to the remainder of the homogeneous substance.

Forbes testified that in his opinion the "green" substance contained in the bag was marijuana. This was sufficient identification. Thus, the trial court committed no error in admitting the bag and its contents into evidence after a proper chain of custody and identification had been shown.

Dixon was charged and convicted under IC 1971, 35-24.1-4-1(c), Ind. Ann. Stat. § 10-3561(c) (Burns Supp. 1974.). At the time of this offense, the statute only required that knowing or intentional possession of a controlled substance be shown. *Heldman* v. *State* (1975), 163 Ind. App. 395, 324 N.E.2d 281. Dixon admitted knowing that the bag taken from him by Officers Caldwell and Nichols contained marijuana. The evidence presented was clearly sufficient to sustain the jury's verdict.

Dixon's final contention of error is that the jury's verdict is contrary to law.

The jury found Dixon guilty of possession of marijuana in an amount over twenty-five (25) grams. Dixon argues that the trial court improperly instructed the jury to find Dixon guilty of possession of an amount less than twenty-five (25) grams, guilty of an amount more than twenty-five (25) grams, or not guilty. He maintains that since proof of amount is not required by statute, the trial court's verdict forms contained surplus language.

We see no merit to Dixon's contention. While he correctly

states that under IC 1971, 35-24.1-4-1(c), Ind. Ann. Stat. § 10-3561(c) (Burns Supp. 1974), no proof of amount is required for conviction, a determination of the amount possessed is necessary to ascertain the proper sentence to be imposed. This statute, in pertinent part, reads as follows:

\* \* \*

"Any person who violates a provision of this subsection is guilty of a felony and upon conviction shall be imprisoned in the state prison for any determinate period of not less than two (2) years, nor more than ten (10) years . . . . Notwithstanding the provisions of this subsection, any person convicted of a first offense of the illegal possession of marijuana, in a quantity of twenty-five (25), grams or less . . . may be imprisoned in the county jail for any determinate period of not more than one (1) year or fined not more than five hundred dollars ($500), or may be punished by both such fine and imprisonment."

In the case at bar, the jury's verdict, finding Dixon guilty of possession of an amount more than twenty-five (25) grams, precluded him from being sentenced as a first offender. If we were to accept Dixon's argument, the trial court would become a finder of fact in direct contravention of the jury's duty. To properly determine the appropriate sentence in a case of this posture, a finding as to the amount possessed is proper. It is the jury's duty as the finder of fact to determine this amount. Therefore, the trial court's verdict forms instructing the jury to determine the amount possessed were not only proper but essential.

The record reveals that Dixon possessed 29.7 grams of marijuana when arrested. Thus, the evidence was sufficient to support the jury's verdict.

Finding no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 357 N.E.2d 908.