JOANNA BURRESS *v.* STATE OF INDIANA.

[No. 3-276A32. Filed June 9, 1977.]

*John C. Grimm, Grimm & Grimm,* of Auburn, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

STATON, P.J.—A jury found Joanna Burress guilty of delivering a controlled substance.[1] Her appeal to this Court raises the issues of whether she received a speedy trial and due process of law, and whether she was entrapped. A fourth issue, sufficiency of the evidence to support the verdict, was waived for failure to present an argument and cite authority in her brief. AP. 8.3(A)(7). After reviewing these issues, this Court has concluded that the judgment upon the jury's verdict should be affirmed.

---

1. IC 1971, 35-24.1-4-1(a)(1)(i). This statute was repealed by Acts 1975, P.L. 338, § 4. For the present law, see IC 1971, 35-24.1-4.1-1 (Burns Code Ed.).

## I.

### Due Process

The evidence most favorable to the State reveals that Richard Pinnell, an Indiana State Police officer assigned to the narcotics division, went to a residence in LaGrange County on March 23, 1974. He was at first refused admittance by Burress, but was later admitted by her. He heard her discussing a "buy" which had been made by Monte Austin; she spoke, in his presence, of having "stuff"; and he eventually purchased heroin from her which resulted in her arrest.

The heroin was purchased from Burress on March 23, 1974. She was not charged by information until November 8, 1974. This is a lapse of two hundred and thirty days. She contends that this delay was a tactical delay by the State to gain a trial advantage. Her defense was prejudiced, since the police were unable to locate the informant after the narcotics officer, Richard Pinnell, had purchased the heroin.

When the trial court overruled Burress' "Motion to Dismiss Affidavit," it stated that "there is no plausible evidence to show prejudice to the Defendant resulting from the delay between the time of the alleged offense and the time of the filing of the affidavit . . . [and] the defendant did not exercise any discovery in this cause. . . ." We agree.

*Ross* v. *United States* (D.C. Cir. 1965), 349 F.2d 210 and *United States* v. *Marion* (1971), 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, recognize the possibility of prejudice in delays, but delay without the actual showing of prejudice does not amount to a lack of due process. Burress has failed to show any prejudice occasioned by the delay; therefore, the overruling by the trial court of her motion to dismiss did not constitute reversible error.

## II.

### Speedy Trial

Burress contends that the same delay that denied her due process of law denied her a speedy trial. Although this precise question has never been answered in Indiana, it is well settled by the federal cases. Article 1, § 12 of the Indiana Constitution is analogous to the Sixth Amendment of the United States Constitution. Both guarantee a speedy trial. In *United States* v. *Marion, supra,* there was a three year delay between the occurrence of the crime and the filing of the indictment. The *Marion* Court held that the speedy trial provisions of the Sixth Amendment do not apply to periods before arrest unless "restraints on liberty" exist. The *Marion* Court explained its rationale as follows:

"... To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends. . . . So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.

"Invocation of the speedy trial provisions thus need not await indictment, information or other formal charge. *But we decline to extend the reach of the amendment to the period prior to arrest.* Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation; his situation does not compare with that of a defendant who has been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself. But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. Possible prejudice is inherent in any delay, however short; it may also weaken

the Government's case." (Emphasis added and citations and footnotes omitted.)[2]

We conclude that Burress' speedy trial argument is without merit, and we further conclude that there is no reversible error in the delay between the arrest and the filing of the information. We adopt the *Marion* Court's rationale.

## III.

### Entrapment

Officer Pinnell had never met Burress before the buy, nor had he ever suspected her of any criminal activity. Burress was a third party stranger to the investigation. The record indicates that Burress volunteered her criminal activity and that Pinnell did not intend to trap her. Pinnell, after learning that Monte Austin was not home, simply allowed events to take their natural course. Burress spoke of a "buy" before any action by Pinnell. In *Thompson* v. *State* (1972), 259 Ind. 587, 591, 290 N.E.2d 724, 726, our Indiana Supreme Court wrote that:

". . . Having properly commenced an investigation centering upon a prime suspect, the agent may follow it to its logical conclusion as a means of apprehending the accused even though the accused turns out to a third-party stranger. . . ."

The evidence clearly indicates a predisposition on the part of Burress to deliver the heroin to Pinnell.[3]

2. Procedural problems should preclude extending the Sixth Amendment speedy trial right to the pre-arrest or pre-indictment period:

"[W]hile other rights may be violated by delay in arrest or charge, it does not follow that the time for trial should be counted from any date of inaction preceding filing of the charge or holding the defendant to answer. To recognize a general speedy trial right commencing as of the time arrest or charging was possible would have unfortunate consequences for the operation of the criminal justice system. Allowing inquiry into when the police could have arrested or when the prosecutor could have charged would raise difficult problems of proof. As one court said, 'the Court would be engaged in lengthy hearings in every case to determine whether or not the prosecuting authorities had proceeded diligently or otherwise.' " (Citation omitted.) 404 U.S. at 321, no. 13.

3. *See Hardin* v. *State* (1976), 265 Ind. 635, 358 N.E.2d 134. In *Hardin*, the Indiana Supreme Court held that the probable cause to suspect condition was no longer necessary.

No reversible errors having been demonstrated by Burress, we affirm the judgment upon the jury's verdict.

Hoffman and Garrard, JJ., concur.

NOTE.—Reported at 363 N.E.2d 1036.