DAVID SCHWARTZ *v.* STATE OF INDIANA

[No. 3-676A155. Filed August 16, 1978. Rehearing denied September 20, 1978.]

*Howard E. Petersen, Richard K. Muntz*, of La Grange, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

HOFFMAN, J. — Defendant-appellant David Schwartz (Schwartz) was tried and convicted by jury on two counts of delivery of a controlled substance pursuant to IC 1971, 35-24.1-4.1-2 (Burns Code Ed.):[1]   Count I, delivery of non-narcotic marijuana, and Count II, delivery of lysergic acid diethylamide (LSD). He was sentenced to a five-year term in prison with a $500 fine as to Count I, and an eight-year term in prison with an $800 fine as to Count II, the sentences being concurrent. Following denial of a timely motion to correct errors, Schwartz perfected this appeal.

Appellant raises numerous errors which, contrary to the State's arguments, have all been preserved for review.

Appellant maintains that he was denied due process of law in that the initiation of prosecution was unreasonably delayed; the charging affidavit contained a variance from proof; the trial court failed to hold a hearing on a motion in limine as requested; the trial court failed to grant a new trial in light of newly discovered evidence; and the State destroyed the evidentiary substance LSD in testing procedures. Appellant also argues that certain instructions and evidentiary rulings at trial were erroneous. Further, appellant contends that former testimony of a witness from a previous hearing was improperly excluded and that

---

1. IC 1971, 35-24.1-4.1-2, as added by Acts 1975, P.L. 338, § 3, p. 1793 (Burns Code Ed.) has been repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977. For savings clause see Acts 1977, P.L. 340, § 150.

the verdict is contrary to law due to insufficient proof of the elements of the offense.

The evidence most favorable to the State reveals that during July of 1974, Officer Louis Cinko (Cinko) of the narcotics section of the Indiana State Police was conducting an undercover investigation, with the assistance of an informer, of individuals engaged in illegal drug trafficking. While conducting an investigation of an alleged dealer named LaRosa, Cinko was introduced to appellant. On July 26, 1974, Officers Cinko and Pinnell went to the residence of appellant looking for LaRosa, who had been residing there. LaRosa was not present, but appellant invited the officers into his home. Thereafter pursuant to appellant's offer to sell, Cinko purchased a quantity of Columbian marijuana and a tablet of LSD from Schwartz. On November 8, 1974, appellant was charged with the sale of these substances.

Appellant first alleges that the more than three month delay between the crime and his arrest constitutes a denial of his due process rights. As discussed in *Burress v. State* (1977), 173 Ind.App. 286, 363 N.E.2d 1036, such a delay must be unreasonable and defendant must demonstrate actual prejudice thereby before due process will be violated. Here, the State maintains that there was not an unreasonable period before arrest, attributing the delay to the fact that Officer Cinko was engaged in an ongoing investigation during this time lapse utilizing the same informant and thus not wanting to jeopardize his source of information. At trial, Schwartz testified that he was present at a rock festival in Sedalia, Missouri on the date that the drug purchase was made. In attempting to prove actual harm caused by the delay, appellant cites as prejudicial the fact that he cannot recall full names of individuals who were also present at the Sedalia Rock Festival and could substantiate his alibi. However, Schwartz testified that he never knew the full names of these alleged individuals but only their first names and faces. Thus, even if Schwartz had more complete recall there is no showing that it would have aided his defense. Without such a showing no reversible error was caused by the period of delay. *Burress v. State, supra.*

Appellant asserts next that the charging information was defective on its face because it referenced the definitional chapter of the statute,

IC 1971, 35-24.1-1-1(g), rather than the criminal offenses chapter, IC 1971, 35-24.1-4.1-1 *et seq.* Therefore, appellant cites as reversible error the trial court's failure to direct the jury in finding defendant not guilty, it being impossible to be in violation of the definitional chapter. However, the erroneous citation in the information is not reversible error. A prosecutor's charging information is the subject of IC 1971, 35-3.1-1-2 (Burns Code Ed.) which states in pertinent part:

"(a)   The indictment or information shall be in writing and allege the commission of a crime by:

(1)   Stating the title of the action and the name of the court in which the indictment or information is filed;

(2)   Stating the name of the crime in the words of the statute or any other words conveying the same meaning;

(3)   Citing the statutory provision alleged to have been violated except that any failure to include such a citation or any error in such a citation shall not constitute grounds for reversal of a conviction where the defendant was not otherwise misled as to the nature of the charges against him;

(4)   Setting forth the nature and elements of the crimes charged in plain and concise language without unnecessary repetition; . . ."

The language contained in the information charging Schwartz clearly detailed the offenses with which he was being accused and there is no showing whatsoever that defendant was misled in the preparation of his defense. Therefore, appellant's argument is without merit.

The next error raised by appellant is that the trial court failed to hold a hearing on a motion in limine outside the presence of the jury to suppress State's Exhibit No. 1, the marijuana purchased by Cinko. In this section of appellant's brief he argues that this exhibit was the fruit of an illegal "seizure." He maintains that his Fourth, Fifth, and Sixth Amendment rights were violated by the "seizure" because the officers did not have a warrant; they did not knock and announce their purpose; they did not have grounds for entry; and they did not advise him of his rights. However, the arguments as to this issue have no bearing on ap-

pellant's factual situation. The exhibit which appellant sought to challenge was not the product of an illegal seizure, rather to the contrary, the evidence at trial shows that the material was purchased from a voluntary seller. There was neither an unlawful seizure nor an unlawful entry, for Officers Cinko and Pinnell were invited into the appellant's home freely.

Although appellant also discusses his attempt to raise the defense of entrapment at this point in his brief, he mistakenly relies on the case of *Walker v. State* (1970), 255 Ind. 65, 262 N.E.2d 641, which was expressly overruled in *Hardin v. State* (1976), 265 Ind. 635, 358 N.E.2d 134 and applied retroactively in *Davila v. State* (1977), 172 Ind. App. 425, 360 N.E.2d 283. The State no longer has the burden of proving probable cause to suspect that defendant had previously engaged in illegal conduct. Appellant's argument is thus rendered meritless.

Appellant claims that the trial court ruled improperly on his request to produce newly discovered evidence, maintaining that such evidence entitles him to a new trial under Indiana Rules of Procedure, Trial Rule 59(A)(6), which permits a new trial for newly discovered material evidence which could not, with reasonable diligence, have been discovered and produced at trial. The defendant must establish that such evidence is material and relevant, not merely cumulative, not merely impeaching, that it is not privileged or incompetent, that due diligence was used to discover it in time for trial, that it is worthy of credit and that it raises a strong presumption that it will probably produce a different result upon retrial.

*Jones v. State* (1974), 262 Ind. 159, 312 N.E.2d 856;

*Sanders v. State* (1977), 175 Ind.App. 209, 370 N.E.2d 966;

*Tessely v. State* (1978), 267 Ind. 445, 370 N.E.2d 907.

The granting of a new trial on these grounds is primarily within the discretion of the trial court. Upon appeal the standard of review for an abuse of discretion in denying the motion is whether the trial court not reasonably have concluded that a different result was not probable.

*Linkenhelt v. State* (1944), 223 Ind. 44, 58 N.E.2d 111;

*Sanders v. State, supra.*

The evidence in question is four color photos which bear the date August 19, 1974, and were not discovered until January 18, 1976, subsequent to trial. Schwartz alleges that these photos were taken at the Sedalia Rock Festival and would substantiate his alibi. Yet appellant has made no showing that the evidence had been or could be authenticated, that it is evidence worthy of credit, or that it is likely that the evidence would produce a different result upon retrial. At best the photos would be merely evidence which might tend to support the testimony of defense witness, Bruce Heinhuis, that Schwartz was present at the rock festival. This would be in the nature of cumulative evidence, and such evidence does not necessitate a new trial. *Hogan v. State* (1977), 174 Ind.App. 343, 367 N.E.2d 1100. It is not unreasonable to conclude that the result of this case would not be altered by admission of the photos. Absent evidence of a more material nature and a showing of the above prerequisites, the trial court did not commit error nor abuse its discretion.

Schwartz next asserts that he was denied due process of the law because of the State's destruction of LSD during testing. Officer Cinko testified that he purchased one "hit" or tablet with the street name of windowpane acid from defendant. He placed this purchase in a marked evidence bag that same evening and deposited it in his safe. The evidence remained there until August 14, 1974, when it was given to James Forbes, a chemist with the State Police laboratory. Forbes testified that he performed several tests on the substance: a color reagent test, a spectrophotometer test, and two thin layer chromatographic tests using different solvent systems. Based on the results of these tests Forbes testified at trial that the substance was LSD.

In a discovery motion filed prior to trial, defendant requested samples of the substances alleged in the charging affidavit. In its answer the State attached a copy of the laboratory reports submitted by Forbes and consented to examination of the substances by defense counsel. It subsequently came to light that the quantity of LSD found in the tablet had been exhausted during the lab tests so that the material itself was not available for defendant to examine. Citing *Hale v. State* (1967), 248 Ind. 630, 230 N.E.2d 432, appellant asserts

that he was denied due process. However, upon considering the facts of this case it becomes apparent that appellant has not been prejudiced to the degree that his constitutional rights have been violated. In *Hale* the Supreme Court held that the negligent destruction or withholding of material evidence by the prosecution would present grounds for reversal on a due process theory. The Court emphasized that such evidence must be demonstrated to have been material and ultimately affirmed *Hale* for lack of such a demonstration. Appellant also relies upon *Ortez v. State* (1975), 165 Ind.App. 678, 333 N.E.2d 838, in which this Court stressed the requirement that such evidence be of material significance.

In both of these cases the evidence which was destroyed would have tended to exculpate the defendants. In the case at bar appellant made no effort to affirmatively demonstrate that evidence, which he could have produced through an examination of the tablet, would have been material. He neither introduced evidence that his independent analysis would have exculpated, nor did he introduce any expert testimony contradicting the chemical reports submitted by the State. Appellant was not denied access to the marijuana substance, yet there is no showing that he took advantage of such opportunity by having that substance analyzed. He also had the opportunity to examine the State's laboratory procedures and testing methods, yet the record contains no indication that such was done.

The importance of allowing defendant wide discovery of evidence which may be exculpatory was the topic of *Birkla v. State* (1975), 263 Ind. 37, 323 N.E.2d 645, although there is no requirement that the prosecution disclose non-material evidence. However, in permitting discovery it is just and logical that the court may impose conditions where necessary to protect the evidence for trial. Thus, even if defendant had proven the materiality of the evidence there is still a practical problem for the court's resolution. As in the case at bar, when only a small quantity of evidence is possessed by the State which will be destroyed, exhausted, substantially diminished, or chemically altered by chemical analysis, different considerations come into play.

Much discretion is vested with the trial judge with respect to the accessibility of evidence requested by the defendant. In dealing with controlled or dangerous substances the trial judge may set guidelines where

necessary and appropriate under the attending facts and circumstances of each case; allow defendant an independent analysis where a sufficient quantity of the substance exists and prescribe where and when the examination will be allowed. However, where an insufficient quantity exists the defense will be allowed to use the results of the State's testing and probe the veracity of those reports. By weighing the importance of the destroyed evidence with other evidence of guilt adduced at trial, it can be determined whether defendant was unduly prejudiced in the preparation of his defense.

In the case at bar four tests were performed on the tablet which Forbes testified were designed to determine whether the substance was LSD. All of the results gave positive indications. The defendant was able to thoroughly cross-examine the chemist and to raise the issue of doubt as to the conclusiveness of these tests. It was then the duty of the jury to weigh the credibility of the witness along with the evidence presented. There is no demonstration that Schwartz was prevented from defending against the charge.

It should be further noted that Indiana law would permit a conviction to rest on the introduction of laboratory tests alone rather than the actual substance possessed, as in the case of a break in the chain of custody. *Mayes v. State* (1974), 162 Ind.App. 186, 318 N.E.2d 811.

As a result of the depletion from testing the substance, appellant complains that the amount of LSD was too insignificant to warrant a conviction. However, there is no requirement that a usable quantity be delivered to sustain a conviction. As discussed by Judge Buchanan in *Cooper v. State* (1976), 171 Ind.App. 350, 357 N.E.2d 260, sufficient amount need not be pled or proven by the State, rather the presence of any identifiable amount is sufficient evidence.

Thus, appellant was not denied due process rights because the LSD was exhausted by the State's testing.

Appellant alleges several points of error with respect to jury instructions. In particular he contends that the refusal to give tendered Preliminary Instruction D-2, tendered Final Instruction D-2, tendered Final Instruction D-6, and tendered Final Instruction D-7 was reversi-

ble error. Likewise, he contends that the court's Final Instructions Nos. 1, 2, 4, and 21, each given over objection, were improper.

In Preliminary Instruction D-2 defendant sought to have the jury assign weight to the fact that he did not take flight after the commission of the crime so that an inference of innocence would be justified. However, such an instruction was not applicable to the issues involved herein and refusal was proper. An instruction must both state the law correctly and be relevant to the issues and applicable to the evidence or it may be properly refused. *Coleman v. Chapman* (1966), 139 Ind.App. 385, 220 N.E.2d 285.

Tendered Final Instruction D-2 instructs that defendant must have possessed a quantity of the dangerous substance with sufficient potential for use or a not guilty verdict would be mandated. This instruction was properly refused because it is contrary to case law. As discussed earlier the presence of any identifiable amount of a dangerous substance is sufficient to convict and the State does not have a burden of proving any specific amount was possessed.

*Cooper v. State, supra;*

*Heldman v. State* (1975), 163 Ind.App. 395, 324 N.E.2d 281.

The essence of defendant's tendered Final Instruction D-6 is that testimony of an informer, who provides evidence against defendant for consideration, must be examined and weighed more carefully than that of an ordinary witness. This instruction sought to discredit testimony concerning information provided by the State's informant, William Hand. Although Hand was not present at trial, references were made to information which he had provided to Officer Cinko, such as Schwartz's address. Even if Hand had testified, the instruction would have been improper. Instructions on credibility should be of a general nature and apply equally to all witnesses. Since the instruction was directed toward one particular witness it invades the province of the jury.

*Murphy v. State* (1977), 267 Ind. 184, 369 N.E.2d 411;

*Taylor v. State* (1972), 257 Ind. 664, 278 N.E.2d 273.

Further, the language of the instruction directs that the jury "must"

weigh the credibility of one witness more carefully than others, again invading the province of the jury. *Moore v. State* (1977), 267 Ind. 270, 369 N.E.2d 628. Finally, here as in *Murphy v. State, supra,* the court gave an instruction which fully covered the subject of credibility, advising the jury to consider a witness's interests along with any and all facts and circumstances to aid them in assessing credibility. Therefore, no error was committed.

Although appellant tries to land significance to the use of Hand as an informer, in the context of probable cause to support an entrapment defense, this issue has been rendered moot, as discussed earlier.

Tendered Final Instruction D-7 was refused without error. The substance of D-7 was very adequately covered in the court's Final Instructions 8 through 12. As held innumerable times, an instruction may be refused when the subject is adequately covered by other instructions given. *Woodard v. State* (1977), 267 Ind. 19, 366 N.E.2d 1160.

It was not error for the court to give Instruction No. 1 which properly and clearly informed the jury that it is the exclusive judge of both law and facts and that in determining same it may consider the instructions given by the court. *Bryant v. State* (1933), 205 Ind. 372, 186 N.E.2d 322.

In the court's Final Instructions Nos. 2, 4, and 21, the proper statutes were read and referred to rather than those improperly cited in the affidavit. As discussed above this was not error. IC 1971, 35-3.1-1-2 (Burns Code Ed.).

Next appellant makes an evidentiary challenge to testimony by Officer Cinko as to what occurred after he entered the Schwartz home on July 26, 1974, based upon grounds of illegal search and seizure. Again, the ruling to admit this testimony was proper because the officers were invited into the house and made a drug purchase, not a seizure.

A further evidentiary challenge involves the admissibility of testimony by Cinko as to the reliability of his informant. This testimony was in response to a request by the defense that a probable cause foundation be laid. The defense then objected to the question on grounds of hearsay and irrelevance. Because this testimony was admitted as to the issue of probable cause and not to prove the truth of the matters

asserted, it is not hearsay evidence. *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. The evidence was of course directly relevant to the issue of probable cause, thus, the ruling was proper.

Appellant also objected to the admissibility of State's Exhibit No. 1, a bag of marijuana, on the grounds that the State had not proved a proper chain of custody. A chain of custody for evidence such as marijuana must be shown only from the time of seizure to the time of testing with conclusive results, not from the time it was purchased from defendant to the time that trial was concluded. *Ross v. State* (1977), 172 Ind.App. 484, 360 N.E.2d 1015 (transfer denied). Custody from the time of purchase until the time of examination of the substance was clearly established by the State. Cinko testified that he took the materials and placed them in an evidence bag in his safe in the early morning of July 27, 1974, where they remained until he delivered them to James Forbes on August 14, 1974, for testing. Forbes testified that he had possession of the materials from the time Cinko delivered them on August 14, 1974, until October 28, 1974, during which period he performed tests with conclusive results. This chain of custody was sufficient to admit the exhibit, as the State need not exclude every possibility of tampering. *Ross v. State, supra.*

It is further argued that there was a variance between the State's answer to alibi notice which alleged that the offense occurred on County Road 75 west in LaGrange County and the evidence produced which showed that the location was County Road 675 west. Appellant made no objection to this evidence when it was offered at trial thus waiving the issue. Even if the issue had been preserved, any error was harmless where appellant has not demonstrated how it prejudiced his defense. *Alexander v. State* (1976), 167 Ind.App. 688, 340 N.E.2d 366.

Appellant's next alleged point of error is that former testimony of a witness from a previous hearing, which the defense sought to introduce, was erroneously excluded. The testimony was that of a Mrs. Oswald who was purportedly with Schwartz at the Sedalia festival. Mrs. Oswald was a witness for the defendant at a hearing on defense motions conducted August 19, 1975.

It is an exception to the hearsay rule to introduce into evidence

testimony that was adduced at a former trial. Admission of previous testimony rests soundly within the discretion of the trial court.

*New York Cent. R. Co. v. Pinnell, Admx.* (1942), 112 Ind.App. 116, 40 N.E.2d 988;
*Also see: Raines v. State* (1971), 256 Ind. 404, 269 N.E.2d 378.

Appellant must prove that the former testimony was given under oath, that the party against whom the former testimony is presently offered had an opportunity to cross-examine the witness at the former proceedings, and that the party who gave previous testimony is presently unavailable. *Burnett v. State* (1974), 162 Ind.App. 543, 319 N.E.2d 878. The last requirement entails a showing of due diligence in obtaining the presence of the witness, and failure to make such a showing may result in exclusion. Here, as in *Burnett*, appellant failed to demonstrate to the court in his offer to prove why Mrs. Oswald was unavailable to testify or that reasonable diligence had been exercised in procuring her as a witness. In ruling favorably on the State's objection to this evidence the trial court noted that ample time existed between the hearing on the motions and the date of trial during which a competent deposition could have been obtained had the defense been diligent. Appellant neither argues nor displays how judicial discretion was abused in this regard. Thus, on review it must be concluded that no error was committed by excluding the previous testimony.

Even had error been demonstrated appellant makes no showing of harm. The record indicates only that Mrs. Oswald's testimony would have been cumulative evidence of the testimony given at trial by Bruce Heinhuis. Absent a showing of harmful error a conviction must be affirmed. *Bean v. State* (1978), 267 Ind. 528, 371 N.E.2d 713.

The final argument submitted by appellant is that the evidence was insufficient to establish beyond a reasonable doubt that the alleged marijuana was the prohibited variety cannabis sativa L, and that the testimony of Officer Cinko was noncredible, making the verdict contrary to law. In reviewing a sufficiency challenge this Court will consider only the evidence most favorable to the State, together with the logical and reasonable infrences which may be drawn therefrom. The appellate court neither weighs evidence nor resolves

issues of credibility. *Sleck v. State* (1977), 175 Ind.App. 22, 369 N.E.2d 963. Therefore, the only remaining issue to be discussed is whether there was substantial evidence of probative value from which the jury could conclude that the substance sold by Schwartz was a statutorily prohibited variety of marijuana. Appellant alleges that there is a split of authority as to whether or not cannabis is polytypic or monotypic. However, this Court has expressly discarded the theory that cannabis indica and cannabis sativa are disparate substances. *Sizemore v. State* (1974), 159 Ind.App. 549, 308 N.E.2d 400. In the instant case State Police Chemist Forbes testified that he examined the plant material by stereo microscope and found it to possess the characteristics of cannabis sativa L. He also ran a color test and a chromotographic examination. Based on his findings he ascertained that the substance was marijuana. This is sufficient evidence probative of the fact that the substance was that which is prohibited and thus competent to sustain the verdict of the jury.

With no reversible error having been demonstrated, the judgment is affirmed.

Affirmed.

Staton, J. concurs.

Buchanan, C.J., participating by designation, concurs.

NOTE — Reported at 379 N.E.2d 480.