Leroy BROWN, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 182S8.

Supreme Court of Indiana.

June 16, 1982.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., James W. Turpen, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Leroy Brown, was convicted by a jury of robbery, a class B felony. Ind.Code § 35–42–5–1 (Burns 1979 Repl.). He was sentenced to a period of fifteen years in the Indiana Department of Correction. In his direct appeal, he presents the following issue for our review: whether the trial court erred when it overruled defendant's motion to strike the state's response to defendant's "Notice of Alibi."

The record reveals that in the early evening hours of February 24, 1981, Edward and Beatrice Thurmond were robbed at gunpoint by an intruder at their home, located at 2808 Chestnut Avenue in Fort Wayne, Indiana. Based on the in-court identifications of defendant by both Thurmonds, the pretrial photographic identification by Beatrice, and supporting circumstantial evidence, defendant was found guilty of the crime.

On July 10, 1981, thirteen days prior to defendant's trial date, he filed a "Notice of Alibi" pursuant to Ind.Code § 35–5–1–1 (Burns 1979 Repl.). The notice was timely filed; within the statute, it is required that any notice of alibi be filed with the prosecuting attorney "not less than ten (10) days prior to trial." *Id.*

The notice, which indicated defendant "would state" at trial that he was at the home of a friend at the time the Thurmonds were robbed, was accompanied by "Defendant's Request To Prosecuting Attorney For Statement Of Exact Time, Place, and Date of Offense." The request read in substantive part:

> "Comes now the Defendant by counsel and pursuant to IC–35–5–1–2 requests the Prosecutor to furnish the Defendant with notice of the exact time, place and date of the offense with which the Defendant is charged."

Ind.Code § 35–5–1–2 (Burns 1979 Repl.), the authority for defendant's request, reads in pertinent part:

"In the defendant's notice, required under this chapter, the defendant may also expressly require the prosecuting attorney to file and to serve upon the defendant or upon his counsel a specific statement in regard to the exact date which the prosecution proposes to present at the trial as the place where, the defendant was alleged to have committed or to have participated in the offense. If the defendant's notice requires such statement by the prosecuting attorney, or if the prosecuting attorney proposes to present at the trial as the specific date when the defendant committed or participated in the offense a date other than the date stated in the defendant's notice, the prosecuting attorney shall file and serve such statement upon the defendant or upon his counsel not later than *eight (8) days before the trial." Id.* (emphasis added).

While the statute dictates that the state's compliance with a defendant's request "shall" occur within eight days of the trial date, the record reveals—and the state concedes—that the response was not filed with the court until July 16, 1981, seven days before trial. Defendant's counsel also complained that he had not received the response, which was served by mail, until the following day.

Prior to trial, defendant moved to strike the state's response to his notice. He maintained the state's noncompliance with the eight-day time frame established in Ind. Code § 35–5–1–2, *supra,* warranted that his motion be granted; the state argued defendant had not been prejudiced by its noncompliance and that in the court's discretion, the motion should be denied. The trial court denied the motion, and the parties here renew their respective contentions.

■ Defendant asserts that case precedent has established that "strict compliance" with the dictates of Ind.Code § 35–5–1–1, *supra,* is demanded of defendants who seek to present an alibi defense. He argues that the same "strict compliance" should be required of the state with respect to Ind. Code § 35–5–1–2, *supra.*

We agree that the principles regarding the time requirements of Sections 1 and 2 should be applied in an evenhanded manner. Indeed, that approach is mandated within Ind.Code § 35–5–1–3 (Burns 1979 Repl.), wherein the remedies and sanctions for noncompliance are delineated. The statute reads in pertinent part:

"In the event of the failure of the defendant to file and to serve the defendant's original notice, as prescribed herein or the defendant's second notice as prescribed herein, or in the event of the failure of the prosecuting attorney to file and to serve the prosecuting attorney's statement as prescribed herein, the court may in its discretion extend the time for filing the same. At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi. At the trial, if it appears that the prosecuting attorney has failed to file and to serve upon the defendant or upon his counsel the prosecuting attorney's statement as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the prosecuting attorney, exclude evidence offered by the prosecuting attorney to show that the defendant was at a place other than the place stated in the defendant's original notice and that the time was other than the time stated in the defendant's original notice. *Id.*

The statute provides the trial court with discretion to extend either the ten-day time limitation of Ind.Code § 35–5–1–1, *supra,* or the eight-day limitation of Ind.Code § 35–5–1–2, *supra.* Likewise, absent a showing of good cause by either party who fails to comply with the time limitations, the court is to exclude the evidence offered by that party in support of the tardy alibi pleading.

Contrary to defendant's argument, our appellate tribunals have not transgressed the spirit or letter of Ind.Code § 35–5–1–3,

*supra,* and held that defendants must strictly comply with the ten-day time period of Ind.Code § 35–5–1–1, *supra.* The cases defendant has relied upon to support his claim do not support it. In *James v. State,* (1980) Ind., 411 N.E.2d 618, this Court merely held that defendant's evidence of an alibi was properly excluded where no notice of alibi had been filed. In *Mitchell v. State,* (1979) Ind., 398 N.E.2d 1254, we held that the trial court did not abuse its discretion in excluding evidence when, without any showing of good cause, the defendant filed his notice of alibi only one day prior to trial. In *Bullock v. State,* (1978) Ind.App., 382 N.E.2d 179, the Court of Appeals held only that strict adherence to the requirements of proper service are required in the utilization of the alibi notice statutes. And in *Hartman v. State,* (1978) Ind.App., 376 N.E.2d 100, the Court of Appeals upheld the trial court's exclusion of defendant's alibi evidence when his notice of alibi was substantively defective in that it failed to include specific information regarding defendant's whereabouts at the time the crime had been committed.

Defendant also maintains the trial court erred because the state failed to produce any evidence of good cause for its belated filing and service; consequently, he argues, he was not required to show any prejudice which had resulted from the state's failure to comply with the eight-day limitation of Ind.Code § 35–5–1–2, *supra.*

In utilizing its discretion to implement the remedies and sanctions of Ind.Code § 35–5–1–3, *supra,* whether in respect to either of the time limitations contained in the preceding sections, the trial court should be guided by the purposes of the act, as succinctly stated by Judge Garrard in *Hampton v. State,* (1977) 172 Ind.App. 55, 57–8, 359 N.E.2d 276, 278:[1]

> "The purpose of the alibi statute is twofold. Under our principles of general criminal law where time is not the essence of the offense, the state is not restricted to proving commission of the offense upon the date alleged in the indictment or information. *Evans v. State* (1946), 224 Ind. 428, 68 N.E.2d 546. In cases of mistaken identity the most convincing evidence the accused may be capable of offering to establish his innocence is to establish by reliable witnesses that he was elsewhere when the offense was committed. The first purpose of the statute is to protect his ability to do so by committing the state to a particular date and place it intends to prove as the date and place the offense was committed. On the other hand, the law recognizes that many justly accused of crime will contend they were elsewhere and produce evidence to that effect. The second purpose of the statute is to advise the state in advance of trial of the exact place the accused claims to have been when the offense was committed so that the state may investigate the alibi and either dismiss the charges before trial if it is discovered the wrong person is accused, or secure evidence to prove the alibi false, if such be the case. * * * Thus, the discovery provided by the statute is both reciprocal and meaningful. *Compare: Wardius v. Oregon* (1973), 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82, where a notice of alibi statute was struck down upon due process grounds because the state had no obligation to respond and thereby limit its proof."

The essence of the ten-day and eight-day time requirements, as they relate to the above purposes, is to insure the parties have adequate time to prepare for trial and to confront the adversary's factual claims concerning the defendant's whereabouts at the time the crime was committed.

■ In light of these purposes, it would amount to an elevation of form over substance were the trial court unable to include the potential prejudice—or lack thereof—to a party in its assessment of whether to impose the sanctions contained in Ind.Code

1. *Hampton* was disapproved on other grounds in *Bruce v. State,* (1978) 268 Ind. 180, 375 N.E.2d 1042.

§ 35-5-1-3, *supra*; that is particularly true when, as here, the pleading was filed only one or two days beyond the deadline required by statute. As this Court stated in *Williams v. State*, (1980) Ind., 406 N.E.2d 241, 243:

> "We have clearly held that the purpose of the alibi statute is not to compel the exclusion of evidence or mandate retrials for purely technical errors. Reversal is not required unless the accused was misled in the preparation or maintenance of his defense or was likely to be placed in double jeopardy."

This approach is consonant with the dictates of Ind.R.Ap.P. 15(E), which provide that no trial court judgment is to be reversed where it appears "that the merits of the cause have been fairly tried and determined . . . ."

We cannot conclude that the trial court necessarily abused its discretion when it denied defendant's motion, for the record does not indicate that any prejudice inured to defendant by virtue of the one or two day delay in the state's response—a delay apparently attributable to oversight or a miscalculation of time. *Compare, Dew v. State*, (1981) Ind., 416 N.E.2d 1245 (no response filed by state). Nor, we note, did defendant avail himself of the potential remedy of a continuance when presented with the tardy response. *See Wallace v. State*, (1981) Ind., 426 N.E.2d 34.

For all the foregoing reasons, there was no trial court error and its judgment should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.