Jeffrey GRIFFIN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 55A05–9505–CR–159.

Court of Appeals of Indiana.

April 16, 1996.

Stuart T. Bench, Bench Law Office, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

BARTEAU, Judge.

Jeffrey A. Griffin appeals his conviction for hunting deer after hours,[1] a Class C misdemeanor, and driving after having been found a habitual traffic offender,[2] a Class D felony, raising two issues on appeal, which we restate as:

1. Whether the trial court incorrectly excluded alibi witnesses due to the timing of the filing of Griffin's alibi notice?

2. Whether the State presented sufficient evidence at trial to sustain Griffin's convictions?

We reverse and remand.

### FACTS

The State filed charges alleging that on November 17, 1993, Griffin was driving after having been found a habitual traffic offender, and hunting deer after sunset. On December 1, 1994, a jury found Griffin guilty, and the judge entered convictions for the two offenses.

---

1. Ind.Code § 14–2–3–3 (West 1983) (repealed 1995); *Id.* § 14–2–3–8 (West 1983) (repealed 1995); Ind.Admin.Code tit. 310, n. 3.1–3–3 (1992).

2. Ind.Code § 9–30–10–16 (West 1992).

## I. NOTICE OF ALIBI

### A. Timeliness of Filing

Griffin contends that the trial court incorrectly excluded from trial defense witnesses regarding Griffin's alibi. On February 24, 1994, the court conducted an initial hearing at which time the court set a pretrial conference for April 11, 1994, formal pretrial conference for May 2, 1994, and jury trial for May 11, 1994. On April 6, 1994, Griffin's first attorney filed a Notice of Alibi Defense. On April 28, 1994, the State, through its Motion to Strike Defendant's Notice of Alibi, asserted that Griffin's notice was untimely because he filed it only four days before an April 10, 1994, omnibus date. However, the record does not reveal that such an omnibus date was set, although the judge at the alibi hearing,[3] held on July 27, 1994, implied that the court had scheduled an initial omnibus date. The judge, at the July 27 alibi hearing, expressly decided not to rule on the State's objection to the April 6, 1994, notice of alibi.

On April 28, 1994, Griffin's first attorney withdrew because of a conflict of interest. On May 2, 1994, the court granted the motion to withdraw, and set the omnibus date for May 30, 1994.[4]

On May 12, 1994, Griffin's new attorney[5] filed a Pre–Trial Notice of Alibi Defense, and a Motion for Extension of Time to File Pre–Trial Notice of Alibi Defense, which the court denied as untimely on May 13, 1994. To correct a witness's name, and to add three witnesses, on June 1, 1994, Griffin filed a Correction and Clarification of Pre–Trial Notice of Alibi Defense. On June 1, 1994, Griffin also filed his witness list. On July 12, 1994, Griffin filed a Motion to Reconsider Defendant's Request for Extension of Time to File Notice of Alibi Defense. The court heard evidence on the notice of alibi issue on July 27, 1994, and on October 5, 1994, again denied Griffin's Motion for Extension of Time to File Notice of Alibi Defense. During his trial, Griffin proffered five witnesses' testimonial evidence of the alibi after the trial judge excluded their testimony.

Indiana's Notice of Alibi statute provides in relevant part:

> Whenever a defendant in a criminal case intends to offer in his defense evidence of alibi, the defendant shall, no later than:
>
> (1) twenty (20) days prior to the omnibus date if the defendant is charged with a felony; . . .
>
> . . . .
>
> file with the court and serve upon the prosecuting attorney a written statement of his intention to offer such a defense. The notice must include specific information concerning the exact place where the defendant claims to have been on the date stated in the indictment or information.

Ind.Code § 35–36–4–1 (West 1986). The State charged Griffin with a felony. Thus, the statute required Griffin to give notice of his alibi defense twenty days prior to the omnibus date.

■ Our legislature enacted the alibi statute, including its time requirements, to serve two main purposes: first, to protect the defendant's ability to establish the defense by requiring the State to commit to a particular place and time that it intends to prove at trial as being the particulars of the crime, *Brown v. State,* 436 N.E.2d 285, 287 (Ind. 1982); and second, because the law recognizes that some defendants will fabricate an alibi, the statute allows the State to receive notice before trial regarding the place that the defendant claims to have been at the time of the commission of the crime. *Id.* Thus, this notice allows the State to investigate the alibi to discover its truthfulness, in which case the State should drop the charges, or its falsity, in which case the State can seek

---

3. The hearing was held before a different judge than that presiding at trial.

4. "(d) Once the omnibus date is set, it remains the omnibus date for the case until final disposition, unless:

 . . . .

(2) subsequent counsel enters an appearance after the omnibus date and previous counsel withdrew or was removed due to:
 (A) a conflict of interest. . . ."
Ind.Code § 35–36–8–1 (West 1986).

5. We note, although no objection was raised, that this attorney did not formally enter his appearance in the trial court.

evidence to prove the falsity. *Id.; e.g., Wilson v. State,* 536 N.E.2d 1037, 1041 (Ind.Ct. App.1989), *trans. denied.* The alibi statute "is not intended 'to compel the exclusion of evidence or mandate retrials for purely technical errors.'" *Wilson,* 536 N.E.2d at 1041 (quoting *Baxter v. State,* 522 N.E.2d 362, 369 (Ind.1988), *reh'g denied,* citing *Williams v. State,* 273 Ind. 547, 550, 406 N.E.2d 241, 243 (1980).

■ If a trial court moves an omnibus date, which effectively creates at least a twenty-day period between the initial notice of alibi filing date and the subsequent omnibus date, then the purposes of the alibi statute are served by treating the initial notice as timely filed. Here, Griffin filed his initial notice of alibi on April 6, 1994. Because a new omnibus date was set for May 30, 1994, Griffin effectively filed his notice twenty days before the omnibus date and thus it was timely filed.

### B. Amendment of Notice of Alibi

■ Griffin's Correction to the Pretrial Notice of Alibi on June 1, 1994, contained amendments to the April 6, 1994, notice of alibi. The Correction contained the times, date, and addresses consistent with the original filing of notice of alibi. Such information met the requirements of the Notice of Alibi statute. Griffin's April 6, and May 12, 1994, pleadings named his mother as "Rose Griffin," while the June 1, 1994, pleading named her as "Betty Griffin." Also, the June 1, 1994, amendment adds Griffin's father and two grandparents as witnesses to Griffin's presence at his mother's residence. Griffin also listed these people on his witness list filed June 1, 1994. At no time did the State object to the amendment of names as a basis to try to keep the named witnesses from testifying to the alibi. And, we see no reason for excluding the additional named witnesses. Thus, the trial court should have allowed Griffin's wife, mother, father and two grandparents to testify regarding Griffin's alibi as delineated in his initial notice of alibi.

### C. Harmless Error
#### 1. Standard of Review

■ We use the harmless error standard to analyze cases in which a trial court erroneously excludes or admits evidence. *Fleener v. State,* 656 N.E.2d 1140, 1141 (Ind.1995). This standard applies when a court excludes a defendant's alibi testimony. *Preston v. State,* 644 N.E.2d 585, 589 (Ind.Ct.App.1994) (citing *Campbell v. State,* 622 N.E.2d 495, 499 (Ind.1993)). Thus, we use the harmless error standard when analyzing cases, such as the case at bar, in which the defendant testified to an alibi, but the trial court excluded other alibi evidence, including alibi witnesses. After reviewing various appellate court decisions, the Indiana Supreme Court recently stated the standard as: an error is "harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties." *Fleener,* 656 N.E.2d at 1142; *see* Ind.Trial Rule 61.

#### 2. Cumulative Evidence

■ Typically, excluded cumulative evidence does not necessitate a new trial. *Schwartz v. State,* 177 Ind.App. 258, 264, 379 N.E.2d 480, 486 (1978). Where some alibi evidence, other than the defendant's own testimony, is admitted to provide support to the defendant's alibi theory, but other alibi evidence is excluded, the excluded evidence is generally considered cumulative, and its erroneous exclusion is harmless. *See, e.g., Royal v. State,* 272 Ind. 151, 396 N.E.2d 390 (1979) (When defense attorney presented several alibi witnesses' testimony, and chose not to present an additional alibi witness, the Court found that such additional evidence was merely cumulative, thus defendant was not denied effective representation.); *Jackson v. State,* 264 Ind. 54, 339 N.E.2d 557 (1975) (When defense attorney presented the defendant's and three witnesses' alibi testimony, but not two additional alibi witnesses' testimony, the Court determined that because such additional evidence was cumulative the defendant was not denied effective representation.); *Foster v. State,* 262 Ind. 567, 320 N.E.2d 745 (1974) (When defense attorney presented the testimony of only two

of three alibi witnesses, the Court determined that such additional evidence was merely cumulative, and thus defendant was not denied effective assistance of counsel.); *Keyton v. State,* 257 Ind. 645, 650, 278 N.E.2d 277, 279 (1972) (Excluded "newly discovered evidence ... would not have reasonably and probably resulted in a different verdict, as the newly discovered evidence was merely cumulative and corroborative of other alibi evidence."); *Smiley v. State,* 649 N.E.2d 697 (Ind.Ct.App.1995), *trans. denied,* (Although the trial court improperly excluded an alibi witness's testimony, the error was harmless because the testimony was cumulative to three other alibi witnesses' testimony.); *Williams v. State,* 181 Ind.App. 526, 392 N.E.2d 817 (1979) (Because it was cumulative of other witnesses' testimony, the trial court did not abuse its discretion in denying a request for a new trial based on newly discovered alibi evidence.); *Schwartz,* 177 Ind.App. 258, 379 N.E.2d 480 (Excluded newly discovered photographs, which the defendant sought to introduce into evidence at trial, were cumulative evidence because it would merely support a defense witness's testimony concerning the defendant's alibi, thus defendant was not entitled to a new trial.).

 However, the case at bar presents a different situation where the only alibi evidence is the defendant's own testimony.[6] The excluded alibi evidence, if presented, would not be merely cumulative, but would lend substantial credibility to the defendant's testimony. Conversely, excluding possibly corroborative alibi evidence could have a harmful effect on the defendant's credibility. The jury reasonably could construe the lack of presentation of corroborative evidence as proof that such evidence did not exist, and/or that the defendant was lying. This harmful effect is especially true in Griffin's situation where of his five listed alibi witnesses, all relatives, only Griffin's wife testified and she was not permitted to testify to an alibi. The other family members' testimony only con-

cerned the alibi, and this was set forth in an offer to prove. The jury could reasonably construe such absence as indicating that Griffin was lying to such an extent that he could not get his own relatives to testify and corroborate his testimony.

Also, we must consider that treating corroborative alibi evidence as merely cumulative would force the defendant to forego testifying regarding an alibi solely to preserve the issue for appeal, when trial strategy would otherwise dictate his taking the witness stand. Therefore, when a defendant has testified regarding an alibi, but all other alibi evidence was excluded by the trial court's erroneous determination that the notice of alibi was untimely filed, the excluded evidence is not merely cumulative evidence.

### 3. Substantial Rights

 Initially, we point out that the test for harmless error is different from the test for sufficiency of the evidence. The harmless error test seeks to determine the probable impact of the error on the jury, and its effect on the rights of the party. *Fleener,* 656 N.E.2d at 1142. The sufficiency of the evidence test seeks to determine if substantial evidence of probative value exists from which a reasonable trier of fact could find guilt beyond a reasonable doubt. *Dockery v. State,* 644 N.E.2d 573, 578 (Ind.1994) (citations omitted). Here, the excluded testimony was not merely cumulative evidence. The key issue before the jury was identity, yet there was not an in-court identification of Griffin as the person who was at the location of the incident. In light of the circumstantial nature of the State's evidence, as discussed in the sufficiency of the evidence portion below, the excluded testimony may have had a positive impact on Griffin's alibi defense. Thus, while there may exist substantial evidence of Griffin's guilt, we determine that the excluded evidence's probable impact on the jury, in light of all of the evidence in the case, affected Griffin's substantial rights. Therefore, the error was not harmless and Griffin is entitled to a new trial.

6. This situation can occur with increased frequency due to the Indiana Supreme Court's decision in *Campbell,* 622 N.E.2d 495. In *Campbell,* our Supreme Court held that a defendant may still personally testify regarding an alibi, even

when a trial court ruled that the notice of alibi was untimely filed resulting in the defendant not being permitted to present other alibi evidence. *Id.* at 499.

## II. SUFFICIENCY OF THE EVIDENCE

Although we remand this case for a new trial, we must address Griffin's sufficiency of the evidence claim. This analysis is required because if evidence is insufficient, then double jeopardy precludes retrial of Griffin for these offenses. *Bell v. State*, 622 N.E.2d 450, 456 (Ind.1993). Griffin contends that the evidence was insufficient to sustain a conviction. Specifically, Griffin contends that the State presented insufficient evidence to establish beyond a reasonable doubt that Griffin was the person who shot the deer and drove the vehicle on November 17, 1993. When reviewing sufficiency of the evidence claims we neither reweigh the evidence nor judge the credibility of witnesses. *Dockery v. State*, 644 N.E.2d 573, 578 (Ind. 1994) (citations omitted). We look only to the evidence of probative value and the reasonable inferences to be drawn from it that support the verdict. *Id.; Jones v. State*, 589 N.E.2d 241, 242 (Ind.1992). We will affirm the judgment if substantial evidence of probative value exists from which a reasonable trier of fact could find guilt beyond a reasonable doubt. *Dockery*, 644 N.E.2d at 578.

John W. Clark testified that on November 17, 1993, at approximately 9:00 p.m., he heard what sounded like a high-powered rifle shot and immediately drove to the field where the poaching occurred. At trial it was confirmed that a person used a high-powered rifle to kill the deer. At the field, Clark stopped his truck next to another truck in such a position that the drivers aligned the driver side windows next to each other four to five feet apart. Clark could see the driver's face illuminated by the light off the truck's dashboard. The interaction occurred for five minutes. Clark testified that the man he saw was wearing a beard, and at trial it was confirmed that Griffin was wearing a beard at the time of the incident. In September of 1994, Clark observed a videotaped six-man lineup in which all of the men wore mustaches, but no beards. Despite the extended lapse of time and lack of beards, Clark was able to select two men, one of whom was Griffin, as possibly being the person whom Clark saw on November 17, 1993.

At the field, the driver of the other truck told Clark that he was shooting deer. When Clark said that he was going to report the matter to State officials, the driver of the other truck quickly sped away from the area. Clark did not have any writing instruments, so he committed the license plate number to memory. Clark told officials that the license plate number was 436437A. In fact, Griffin's license plate number was 436374A. Clark saw a maroon colored Chevrolet Z–71 stepside truck. Griffin admitted that at the time of the incident he owned a maroonish colored step-side truck with a Z–71 decal on the back of the truck. Upon discussing the matter with a neighbor, the neighbor told Clark that the truck fit the description of a truck owned by Griffin. Clark drove to Griffin's house and recognized the truck as being the one that Clark saw in the field.

At one point during the State's investigation, Griffin told a State official that it was his truck involved in the incident, and that his brother had stated that he had shot the deer. Yet, Clark did not select Griffin's brother who was also in the lineup. Griffin's brother testified that he was not the driver of the truck on the night of the incident. And, Griffin's brother told a State official that Griffin had confessed to the brother that he had shot the deer.

Trial evidence revealed that Griffin was driving his truck ten days after the incident. This evidence indicates that Griffin was not averse to driving though his license was suspended, and a jury could infer that he would have been willing to drive on the date of the incident. Griffin owned a 30–30 Marlin rifle, and was a hunter as evidenced by the fact that he shot a deer nine or ten days after the incident.

The evidence is sufficient such that the jury could reasonably find that Griffin was the person whom Clark saw at the time of the incident.

We reverse and remand the case for a new trial.

SHARPNACK, C.J., and ROBERTSON, J., concur.