v.

**STATE of Indiana, Appellee–Petitioner.**

No. 49A02–9709–JV–602.

Court of Appeals of Indiana.

March 5, 1998.

Rehearing Denied April 17, 1998.

Sarah L. Nagy, Indianapolis, for Appellant–Respondent.

Jeffrey A. Modisett, Attorney General, K.C. Norwalk, Deputy Attorney General, Indianapolis, for Appellee–Peititioner.

## OPINION

STATON, Judge.

J.M. appeals from his adjudication as a delinquent child for committing Theft,[1] a class D felony when committed by an adult, and Criminal Trespass,[2] a class A misdemeanor when committed by an adult. J.M. raises three issues, two of which are dispositive:

I. Whether J.M. was properly advised of his rights.

II. Whether the evidence is sufficient to sustain a delinquency determination based on the commission of Theft and Criminal Trespass.

We reverse.

The facts most favorable to the determination reveal that on March 28, 1997, the victim returned to the home she lived in with her father, Marvin Parks, and found J.M. in her front yard. J.M. was trying to dislodge his car from a rock. He was wearing a shirt which the victim later recognized as having been in her house. When J.M. dislodged his car, he drove away. The victim entered her house and found that it had been ransacked. A radio, a duffle bag, tools, and some clothes were missing. The victim left the house and then returned with her neighbor, Michael Naylor, whereupon she discovered that the back door of the house was open. Shortly thereafter, the victim and Naylor saw J.M. drive into the back yard and park next to a shed. Naylor saw J.M. put a couple of duffle bags into his car. J.M. then got into his car and drove away. The victim later identified J.M. as the individual at her house via a photo array.

### I.

*Advisement of Rights*

■ J.M. contends that he was not properly advised of his rights. We agree. IND. CODE § 31–6–4–13(e) (Supp.1996) (recodified at IC 31–37–12–5 pursuant to 1997 Ind. Acts, P.L. 1) requires a juvenile court to inform an allegedly delinquent child of certain rights. These include the child's rights to counsel, to a speedy trial, to confront witnesses, to cross-examine witnesses, to obtain witnesses and evidence by compulsory process, to introduce evidence, to refrain from testifying against himself, and to have the State prove he committed the delinquent act beyond a reasonable doubt. *Id.* Here, the court entered a finding that it advised J.M. of his

---

1. IND.CODE § 35–43–4–2 (1993).

2. IND.CODE § 35–43–2–2 (Supp.1996).

constitutional and statutory rights. However-er, the record does not support such a finding.

The State contends that J.M. was adequately advised of his rights via the court's written advisement of rights. Although J.M.'s mother signed the advisement, J.M.'s signature does not appear on the document. The mother's acknowledgment of J.M.'s rights is insufficient to comply with IC 31–6–4–13(e) since it requires that J.M. also be advised of his rights. Without J.M.'s signature, we cannot conclude that he ever saw the advisement form.

The transcript of J.M.'s initial hearing also fails to reflect that he was properly advised of his rights. Although the court did advise J.M. of his right to an attorney, it did not inform him of his other rights as required by IC 31–6–4–13(e). The court's failure to comply with IC 31–6–4–13(e) requires reversal.

## II.

### *Sufficiency of the Evidence*

■ Because the federal Double Jeopardy Clause applies to state juvenile delinquency proceedings, *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), we must also review J.M.'s argument that the evidence was insufficient to support the determination that he committed Theft and Criminal Trespass. *Griffin v. State,* 664 N.E.2d 373, 378 (Ind.Ct.App.1996) (if evidence is insufficient double jeopardy precludes retrial). When the State seeks to have a juvenile adjudicated to be delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that crime beyond a reasonable doubt. *Al–Saud v. State,* 658 N.E.2d 907, 908 (Ind.1995). Upon review, we apply the same sufficiency standard used in criminal cases. *Id.* at 909. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656

N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences that support the determination. *Id.*

■ A person commits Criminal Trespass when he (1) knowingly and intentionally enters the dwelling of another, (2) without the person's consent, (3) not having a contractual interest in the property. IC 35–43–2–2(a)(5). A person commits Theft when he (1) knowingly or intentionally, (2) exerts unauthorized control over property of another person, (3) with intent to deprive the other person of its value or use. IC 35–43–4–2. J.M. was in the yard of the victim's house shortly before the victim discovered that her house had been ransacked. The victim testified that J.M. was wearing a shirt which had been in the house. Upon searching her house, the victim discovered that the back door was open, and she testified that she had not left it open. Later, J.M. returned to the house, drove into the back yard, and loaded duffel bags into his car. Several items were missing from the victim's house, including a duffel bag. Finally, the victim testified that she had not given J.M. permission to enter her house. We hold that this evidence is sufficient for a fact-finder to reasonably infer that J.M. committed both Criminal Trespass and Theft.[3] Accordingly, double jeopardy will not be violated if the State refiles a delinquency petition alleging that J.M. committed these acts.

Reversed.

DARDEN, J., concurs.

GARRARD, J., dissents with separate opinion.

GARRARD, Judge, dissenting.

I agree that the evidence was sufficient to establish delinquency in that J.M. committed acts which would constitute theft and criminal trespass if committed by an adult.

---

**3.** J.M. argues that the evidence is insufficient because the victim's father, Marvin Parks, did not testify at trial. J.M. argues that the State cannot prove that J.M. did not have permission to enter Parks' home or that J.M. was exerting unauthorized control over Parks' property unless Parks testifies as such. We disagree. Although such direct testimony might be advantageous, the

State may prove its case by circumstantial evidence alone. *Gambill v. State,* 675 N.E.2d 668, 674 (Ind.1996), *reh. denied.* We conclude that sufficient circumstantial evidence was presented for the fact-finder to conclude beyond a reasonable doubt that J.M. did not have permission to enter Parks' home and that J.M. exerted unauthorized control over Parks' property.

**1334**

However, I vigorously dissent to reversal concerning the advisement to J.M. of his rights. If J.M. had entered a guilty plea, the record before us would be insufficient to determine that the plea was knowingly, intelligently and voluntarily entered. That, however, is *not* what happened.

When the court began to address J.M. and his mother concerning his rights and asked if J.M. wanted an attorney, J.M. responded that he did. The court then appointed a public defender and in due course the case went to hearing with the public defender representing J.M. No contention has been raised that the public defender failed to provide proper assistance of counsel. J.M. has not, and cannot, establish that he was harmed in any manner by the court's failure to secure his signature on the rights form.

The judgment of the trial court should be affirmed.