v.

**STATE of Indiana, Petitioner–Appellee.**

No. 49S02–9809–JV–489.

Supreme Court of Indiana.

March 31, 2000.

Sarah L. Nagy, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, K.C. Norwalk, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

Respondent–Appellant J.M. appeals from his adjudication as a delinquent child for committing theft,[1] a class D felony if committed by an adult, and criminal trespass,[2] a class A misdemeanor if committed by an adult. The Court of Appeals found the evidence sufficient to support the trial court's determination that J.M. committed theft and criminal trespass but reversed, believing that the juvenile court's rights advisement was not adequately shown by the record. *J.M. v. State*, 691 N.E.2d 1331 (Ind.Ct.App.1998). We granted the State's petition to transfer.

J.M. contends that the trial court should be reversed because he was not properly advised of his rights as required by statute. At both the time of the incidents for which the juvenile was charged as a delinquent and the time of the hearing in his case, the Indiana Code required:

---

1. IND.CODE § 35–43–4–2 (1993).

2. IND.CODE § 35–43–2–2 (Supp.1996).

The juvenile court shall inform the child and his parent, guardian, or custodian, if that person is present, of:

(1) the nature of the allegations against the child;

(2) the child's right to:

(A) be represented by counsel;

(B) have a speedy trial;

(C) confront witnesses against him;

(D) cross-examine witnesses against him;

(E) obtain witnesses or tangible evidence by compulsory process;

(F) introduce evidence on his own behalf;

(G) refrain from testifying against himself; and

(H) have the state prove that he committed the delinquent act charged beyond a reasonable doubt;

(3) the possibility of waiver to a court having criminal jurisdiction; and

(4) the dispositional alternatives available to the juvenile court if the child is adjudicated a delinquent child.

IND.CODE § 31–6–4–13(e) (Supp.1996).[3]

■ At the initial hearing, the trial court noted the filing of the advisement of rights to the child and the advisement of rights to parents. The record contains the trial court's written "Advisement of Rights" signed by J.M.'s mother. After advising J.M. of the alleged delinquent acts, the trial court ascertained "that the child understands the nature of the allegations" and then stated:

The court further having advised the child and his parents of the child's constitutional and statutory rights now finds that such rights are understood. The court further ascertains that the child and parents understand the dispositions available to the Court and obligations of the parent if the matters alleged are found true.

Record at 16. Noting that the child advised the court that he desired the assistance of an attorney, the trial court appointed counsel. At the ensuing evidentiary hearing, J.M.'s attorney cross-examined witnesses, subpoenaed witnesses, and presented witness testimony.

J.M. has not established that the trial court failed to provide the statutory advisement or that he suffered any prejudice from any alleged advisement failure. Reversal of the trial court is not warranted on this issue.

The Court of Appeals rejected J.M.'s contention that the evidence was insufficient to prove either theft or criminal trespass. We agree and summarily affirm the Court of Appeals on this issue. Ind. Appellate Rule 11(B)(3).

J.M. contends that he was erroneously found to have committed criminal trespass as a lesser included offense of burglary. The State's petition alleging delinquency charged that J.M. committed burglary, a class B felony when committed by an adult, and theft, a class D felony when committed by an adult. Following the evidentiary hearing, the judge's magistrate found that J.M. committed only criminal trespass, a class A misdemeanor when committed by an adult, and theft, a class D felony when committed by an adult. The State then petitioned the trial judge to review and revise the magistrate's decision and to find that J.M. committed class B felony residential burglary, as charged, instead of finding a lesser included offense of criminal trespass. The trial judge reviewed and denied the State's request, expressly approving and ordering the magistrate's recommendations. J.M. contends that his adjudication as a delinquent must be reversed as a matter of law because criminal trespass is not a lesser included offense of burglary as charged in this case.

---

**3.** Indiana Code section 31–6 was subsequently repealed. P.L.1–1997, § 157. On July 1, 1997, new code sections defining a juvenile's rights in a juvenile court proceeding became effective. IND.CODE § 31–32.

The State's burglary allegation charged that "said child did knowingly or intentionally break and enter the building or structure of Marvin Parks, which building or structure was a residence, located at [address], with the intent to commit a felony there, that is: theft." Record at 12. A person commits criminal trespass when he (1) knowingly or intentionally enters the dwelling of another, (2) without the other person's consent, (3) not having a contractual interest in the property. IND.CODE § 35–43–2–2(a)(5). J.M. argues that the burglary charge does not allege the lack of the owner's consent or the lack of J.M.'s contractual interest. The State concedes that it did not specifically allege that respondent committed the entry "without consent," but urges that a person who "*breaks* and enters the dwelling of another with the intent to commit a felony does so without consent." Brief of Appellee at 7.

A fact-finder may find the commission of a lesser included offense if the lesser offense is inherently or factually included in the charged greater offense. *See Wright v. State,* 658 N.E.2d 563, 566–67 (Ind.1995). The State and J.M. agree that criminal trespass is not inherently included in the offense of burglary, but J.M. argues that it is not factually included because its elements are not alleged in the charging instrument.

We find that by charging that J.M. did knowingly or intentionally "break and enter" the residence of another person, the State sufficiently alleged facts constituting criminal trespass to support the finding of the magistrate and the judgment of the trial court.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

