## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 11 2016, 8:27 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Thomas C. Allen | Gregory F. Zoeller |
| Fort Wayne, Indiana | Attorney General of Indiana |
| | Angela N. Sanchez |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sanchez K. Williams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 11, 2016 <br><br> Court of Appeals Case No. <br> 02A04-1508-CR-1125 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. <br> 02D06-1504-MR-2 |

**Baker, Judge.**

[1] Sanchez Williams appeals his convictions for Murder,[1] enhanced by the use of a firearm,[2] and Robbery, a Level 5 felony.[3]  He argues that the trial court's redaction of a deposition violated the doctrine of completeness.  Finding that the trial court committed no error—and that even if the trial court did err, it was harmless—we affirm.

## Facts

[2] Twenty-one-year-old Moath Nassir was murdered on December 29, 2014, in front of the convenience store he owned and operated in Fort Wayne.  He and Williams knew each other—Williams would occasionally walk in the store, "look at the camera, stick his middle [finger] up, snatch something, and run out the door."  Tr. 430.  Williams also sometimes sold stolen electronics to Nassir. Two weeks before December 29, Nassir kicked Williams out of the store for stealing.

[3] The video surveillance cameras recorded a man in a black hoodie and white tennis shoes walking near the store around 8 p.m. on December 29.  Jacquease Jeanty, who Williams encountered near the store, later identified Williams as that man.  Williams told Jeanty that he wanted to steal a hoodie from the store,

---

[1] Ind. Code § 35-42-1-1.

[2] Ind. Code § 35-50-2-11.

[3] I.C. § 35-42-5-1.

but Jeanty declined to participate. Jeanty was continuing toward his house when he heard a single gunshot a few minutes later.

[4] A few moments after the surveillance cameras recorded Williams and Jeanty walking near the entrance to the store, the cameras recorded Williams and Nassir running out of the alley on the side of the store. The tape captured a struggle in which Williams climbed on top of Nassir and punched and kicked him several times. At some point during the fight, Williams shot Nassir in the stomach. Later ballistics evidence confirmed that the bullet was fired from within a few inches of Nassir's body. Nassir bled to death from the wound.

[5] Around 9 p.m., Williams showed up at his friend's house. He entered, but exited a few minutes later to vomit outside. Henry Sweeney was at that house, and would later testify that Williams said, "sh*t went bad" and "he tried to fight and I shot him." Tr. 232. Williams had told Sweeney before that he thought Nassir's store would be easy to rob. Williams also showed Sweeney an iPhone and cash that he said he took from Nassir.

[6] Williams also told Paul Manuel, a former employee of Nassir, that he killed Nassir. Williams showed Manuel the iPhone, and Manuel observed that Nassir's pictures were still on the phone. Williams also showed Manuel some injuries that Williams sustained in his fight with Nassir.

[7] A DNA analysis disclosed Williams's DNA on Nassir's sweater. When the police searched Williams's residence, they found white tennis shoes, a black jacket, and Nassir's identification documents.

[8]     In January 2015, Manuel told the police what Williams had told him.  On April 12, 2015, the State charged Williams with murder, felony murder, robbery, and alleged an enhancement due to Williams's use of a firearm.

[9]     At trial, Manuel failed to appear, and the trial court ruled that his deposition testimony would be read into the record.  Counsel for Williams objected, arguing that the admission of the deposition would violate Williams's right to confront and cross-examine,[4] and that if it were admitted, it should be admitted in its entirety with no redactions.  The trial court eventually sided with the State, allowing the following redactions: Manuel's two prior felony convictions, which were over twenty years old; some details regarding the stolen electronics Williams would occasionally sell to Nassir; and the circumstances surrounding Manuel's initial statement to the police (he was in the back of a police car).

[10]    On June 26, 2015, the jury found Williams guilty as charged.  The trial court vacated the felony murder conviction, and sentenced Williams to sixty-five years for murder—enhanced by twenty years for the use of a firearm—and six years for the robbery, to be served consecutively.  Williams now appeals.

---

[4] Counsel for Williams was present at the deposition, and, although Williams was not present himself, counsel for Williams did not request that Williams be present.  Williams does not assert on appeal that the admission of this deposition violated his right to confront and cross-examine.

## Discussion and Decision

[11] Williams has one argument on appeal: he argues that the omission of the redacted portions of Manuel's deposition was reversible error. The admission or exclusion of evidence is a matter left to the sound discretion of the trial court, and we will reverse only upon an abuse of that discretion. *Greenboam v. State*, 766 N.E.2d 1247 (Ind. Ct. App. 2002). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[12] We first find that the trial court did not err by admitting the redacted version of Manuel's deposition into evidence. Indiana Evidence Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." However, "a court need not admit the remainder of the statement, or portions thereof, that are neither explanatory nor relevant to the portions already introduced." *Lieberenz v. State*, 717 N.E.2d 1242, 1248 (Ind. Ct. App. 1999).

[13] Here, the portions redacted did not add context to Manuel's statement. The redactions included (1) prior convictions that, because of their age, would not have been admissible if Manuel had testified in person, (2) prejudicial information regarding irrelevant illegal activities the victim and Williams were allegedly involved in, and (3) the location of Manuel when he first spoke with

police. We cannot say that the trial court abused its discretion to find that fairness did not require the inclusion of this information.

[14] But even if we were to assume that these portions of the deposition should have been admitted, the error would clearly be harmless. An error is harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties. *Griffin v. State*, 664 N.E.2d 373, 376 (Ind. Ct. App. 1996).

[15] In this case, the State presented the following evidence of Williams's guilt: a surveillance tape of the murder, a witness who identified Williams as the person on the tape, multiple witnesses to whom Williams confessed, multiple witnesses to whom Williams stated his intent to rob the store, multiple witnesses who saw the victim's phone in Williams's possession, Williams's extensive history of previous robberies of the store, Williams's DNA on the victim, the exact matching outfit of clothes of the person caught on tape found in Williams's residence, and the victim's identification papers found in Williams's possession. We cannot believe that the inclusion of three redacted portions of one witness's testimony, on matters tangentially related to the case, could have possibly swayed the jury's mind.

[16] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.