Russell J. WELLS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 92A04–0202–CR–84.

Court of Appeals of Indiana.

July 30, 2002.

Christanne C. Howe, Hampton & Voelz, Warsaw, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Russell J. Wells appeals his conviction of Operating a Vehicle While Intoxicated With a Prior Conviction Within Five Years,[1] a class D felony. Wells presents as the sole issue on appeal the contention that the trial court improperly denied his motion to suppress evidence obtained from a traffic stop that violated his federal constitutional right against unreasonable search and seizure.[2]

---

1. Ind.Code Ann. § 9–30–5–3 (West, PREMISE through 2001 1st Reg. Sess.).

2. Wells also contends that the admission of evidence was in violation of his state constitutional rights. Although Wells sets out the analysis applicable to the relevant Indiana constitutional provision, he does not explain how the facts of his particular case fit within that framework. The issue is waived. Ind. Appellate Rule 46(A)(8)(a) (requiring that the appellant present arguments supported by cogent reasoning).

We affirm.

The facts favorable to the conviction are that on May 2, 2001, Churubusco police officer Garry Jones received a call from dispatch alerting him to a possible drunk driver traveling eastbound on State Road 205 in a silver Nissan, license plate DXG 282. The information about the driver was obtained from dispatch by an "anonymous tip." *Record* at 5. After receiving the information, Jones waited by a high school until he spotted the vehicle. It was later determined that Wells was driving the vehicle. Jones followed the vehicle for approximately 6 blocks. Jones observed the vehicle swerving within its lane toward the fog line and the sidewalk. At one point, the vehicle came very close to the centerline and oncoming traffic. Officer Jones also noticed that Wells was driving more than ten miles an hour below the posted speed limit. Jones then pulled Wells over. When he approached the vehicle, he noticed the smell of alcohol emanating from inside the automobile. He also saw a bottle of vodka on the front passenger floor. When the officer reported the stop to dispatch with Wells's information, he was informed that Wells had an outstanding arrest warrant. Officer Jones placed Wells in custody and administered a portable breath test, which registered a .10 blood alcohol content (BAC). Wells registered a .18 and .17 BAC in subsequent tests administered at the hospital and jail.

Prior to trial, Wells filed a motion to suppress all evidence gathered during the traffic stop, contending that the stop was illegal under the United States and Indiana Constitutions. The trial court denied his motion. At trial, Wells objected to the admission of that evidence. The trial court overruled his objection. A jury found Wells guilty of operating a vehicle while intoxicated, a class A misdemeanor. Because Wells had a prior conviction for operating a vehicle while intoxicated, the trial court elevated Wells' conviction to a class D felony.

■ The ruling on a motion to suppress is reviewed on appeal in a manner similar to claims of insufficient evidence. *Washington v. State*, 740 N.E.2d 1241 (Ind.Ct. App.2000), *trans. denied.* We will not reweigh the evidence, and conflicting evidence is viewed in a light most favorable to the trial court's determination. *Id.* We consider uncontested evidence in a light most favorable to the defendant. *Fair v. State*, 627 N.E.2d 427 (Ind.1993).

■ The Fourth Amendment to the United States Constitution guarantees "the right of people to be secure in their persons . . . against unreasonable searches and seizures." A search must be reasonable and conducted pursuant to a properly issued warrant. *Webb v. State*, 714 N.E.2d 787 (Ind.Ct.App.1999). When a search is conducted without a warrant, the State must prove it is justified under the limited exceptions to the warrant requirement. *Id.* A police officer may stop a person to investigate possible criminal behavior without the probable cause required for an arrest, if they have a reasonable and articulable suspicion that the person has been, is, or is about to break the law. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The "reasonable suspicion" requirement is satisfied when

the facts known to the officer, together with the reasonable inferences arising from such facts, would cause an ordinarily prudent person to believe that criminal activity has occurred or is about to occur. Reasonable suspicion entails something more than an inchoate and unparticularized suspicion or hunch, but considerably something less than proof of wrongdoing by a preponderance of the evidence.

*Crabtree v. State*, 762 N.E.2d 241, 246 (Ind.Ct.App.2002).

The United States Supreme Court has held that an anonymous tip is not enough to support the reasonable suspicion necessary for a "Terry" stop. *Florida v. J.L.*, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). An anonymous tip is considered less reliable than a tip from a known informant. *Id.* Anonymous tips must be accompanied by specific indicia of reliability or must be corroborated by a police officer's own observation in order to pass constitutional muster. *Alabama v. White*, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Reasonable suspicion may be established by the totality of circumstances. *Id.* Thus, although an anonymous tip alone will be insufficient to establish reasonable suspicion, where significant aspects of the tip are corroborated by the observations of police, a subsequent investigatory stop is likely valid. *Id.*

In this case, the anonymous tip was corroborated in two ways. The tipster gave very specific information regarding the color, make, and license plate number of the car, which Officer Jones was able to verify. Furthermore, Officer Jones was able to corroborate the information provided by the anonymous tip with respect to the manner in which Wells was operating the vehicle. While following Wells, Officer Jones noted that he was traveling ten miles per hour slower than the speed limit, and he was swerving in his own lane. Officer Jones recognized this behavior, from his training and experience, as indicia of intoxication.

This case is clearly distinguishable from *Washington v. State*, 740 N.E.2d 1241, which Wells urges as controlling authority. In *Washington*, the investigating officer received an anonymous tip of a possible drunk driver with a vehicle description.

Without making an independent verification of drunken or erratic driving, the officer stopped the driver and arrested him. This court considered the stop improper because the only corroboration of the anonymous tip was the identification of the vehicle. *Id.* In the instant case, the anonymous tip was corroborated by both the positive identification of Wells's vehicle and Officer Jones's determination that Wells was driving in a manner consistent with that of intoxicated drivers. Viewing the totality of circumstances, it is clear that Officer Jones had the requisite reasonable suspicion to stop and investigate Wells. Thus, the evidence seized as a result of the stop was admissible at trial. The trial court properly denied Wells's motion to suppress.

Judgment affirmed.

BROOK, C.J., and SHARPNACK, J., concur.