**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

May 23 2013, 8:19 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUSAN D. RAYL**
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | | |
|---|---|---|
| C.N., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1210-JV-521 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

---

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Scott B. Stowers, Magistrate
Cause Nos. 49D09-1208-JD-2163, 49D09-1112-JD-3198

---

**May 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

C.N. appeals the juvenile court's true finding that he committed a delinquent act, which, if committed by an adult, would constitute auto theft, a class D felony. C.N. raises one issue, which we revise and restate as whether the juvenile court abused its discretion by admitting certain testimony. We affirm.

The relevant facts follow. On August 8, 2012, Shawn Freeman loaned her car to her boyfriend Darius Johnson and Johnson's younger brother, D.N. Around 4:00 p.m., Johnson and D.N. drove to the Municipal Gardens in Indianapolis to play basketball where C.N., whom they both knew from playing basketball, was also present. Johnson placed the keys to Freeman's car in his bag, which was setting on the side of the basketball court. At around 5:00 p.m., Johnson realized that his bag was missing and that Freeman's car was gone, and he phoned the police to report the car stolen and also called Freeman to tell her that her car had been stolen. D.N. had previously left the Municipal Gardens, and when he returned he observed Freeman's car leaving and that the car was being driven by someone other than Johnson. D.N. decided to follow the vehicle and saw that C.N. was driving it. At some point D.N. lost sight of Freeman's vehicle.

A few days later, on August 12, 2012, Indianapolis Metropolitan Police Officer Dustin Carmack stopped a vehicle for failure to obey a stop sign, and he identified the driver as C.N., who admitted that he did not have a driver's license. Officer Carmack ran the vehicle's identification number ("VIN") and identified the vehicle as Freeman's car and that it had been reported as stolen. C.N. was placed under arrest.

On August 13, 2012, the State filed a petition alleging C.N. to be a delinquent child for committing Count 1, auto theft, a class D felony when committed by an adult;

2

Count 2, receiving stolen property, a class D felony when committed by an adult; and

Count 3, driving without a license, a class C misdemeanor when committed by an adult.

On September 5, 2012, the juvenile court held an evidentiary hearing in which evidence

consistent with the foregoing was presented. During the State's examination of Freeman,

the following exchange occurred:

| | |
|---|---|
| [Prosecutor:] | . . . . On August 8th you said that you gave [D.N.] and Mr. Johnson permission to drive your car. Did you get your car back on that day from them? |
| [Freeman:] | No I did not. |
| [Prosecutor:] | Okay. Do you have any idea of what happened to your car? |
| [Freeman:] | Actually I was at work and I got a call from Darius Johnson stating that my vehicle was stolen. |
| [C.N.'s Counsel]: | Objection, hearsay. |
| THE COURT: | Response? |
| [Prosecutor]: | Your Honor, I think it's just a, a statement that can be corroborated by a, a witness who will testify later as to what happened and I think it goes towards, just laying the foundation for the course of events. |
| THE COURT: | Alright, will not consider it substantive evidence but I'll allow an answer as to how she proceeded. |

Transcript at 6-7.

Following the testimony of Freeman, Johnson, D.N., and Officer Carmack were

called to the stand by the State and testified. The court entered true findings on Counts 1

and 3.[1] On September 20, 2012, the court held a dispositional hearing and made C.N. a

---

[1] C.N. does not challenge on appeal his true finding under Count 3 for committing a delinquent

3

ward of the Department of Correction "until the age of 21, unless sooner released" and recommended committal "for a period of six months."[2] Appellant's Appendix at 11.

The issue is whether the juvenile court abused its discretion by admitting certain testimony. The admission and exclusion of evidence is a matter within the sound discretion of the trial court, and we will review only for an abuse of discretion. Wilson v. State, 765 N.E.2d 1265, 1272 (Ind. 2002). An abuse of discretion occurs "where the decision is clearly against the logic and effect of the facts and circumstances." Smith v. State, 754 N.E.2d 502, 504 (Ind. 2001). "Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party." Fleener v. State, 656 N.E.2d 1140, 1141 (Ind. 1995) (citations omitted).

"Hearsay" is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Hearsay is not admissible except as provided by law or the rules of evidence. Ind. Evidence Rule 802.

---

act, which, if committed by an adult, would constitute driving without a license, a class C misdemeanor.

[2] We note that on August 13, 2012, the same day the State filed the petition alleging C.N. to be delinquent for committing auto theft, receiving stolen property, and driving without a license in Cause No. 49D09-12080-JD-2163 ("Cause No. 2163"), it also filed a verified petition for modification of dispositional decree due to those allegations in Cause No. 49D09-1112-JD-3198 ("Cause No. 3198"). Specifically, on December 30, 2011, C.N. had been placed on formal probation under Cause No. 3198 for committing an act that, if committed by an adult, would be escape, a class D felony. At the September 5, 2012 evidentiary hearing, the court found, in addition to the above in Cause No. 2163, that C.N.'s disposition in Cause No. 3198 should be modified. At the dispositional hearing held on September 20, 2012, the court ruled that his conviction in Cause No. 3198 should be modified such that C.N. should be made a ward of the Department of Correction. On appeal, C.N. appears to argue that because his true finding under Cause No. 2163 for committing an act that, if committed by an adult, would be auto theft, should be reversed, we should also reverse the court's modification of his probation under Cause No. 3198. However, because we affirm the court's true finding under Cause No. 2163, we do not find that this argument has merit.

4

C.N. argues that the statement of Freeman that she received a call from Johnson stating that her vehicle was stolen "easily fits the definition of hearsay" because it "was an out of court statement made by an out of court declarant, Mr. Johnson, and it was offered to prove the truth of the matter asserted: that the car was stolen." Appellant's Brief at 8. C.N. asserts that the State's response to C.N.'s objection that the statement went towards "laying a foundation for the course of events" is not an enumerated exception to the hearsay rule under Ind. Evidence Rule 803 and that "[i]nterestingly, the testimony elicited from the State did not build on 'how she proceeded' once the hearsay testimony was permitted." Id.

The State argues that "[s]tatements not offered to prove the truth of the matter asserted are not hearsay" and here "Johnson's statement gave context for Freeman's subsequent actions." Appellee's Brief at 6. The State asserts that the "court stated on the record that it would not take Johnson's out-of-court statement as substantive evidence" and "[t]his court presumes that the juvenile court knows the law." Id. at 7. The State also contends that, in any event, the statement was harmless because it did not prejudice C.N. in any way, noting that "Johnson's subsequent testimony at trial established that he had believed the car to be stolen, that he had a reasonable basis for his belief, and that he then reported the theft to the police" and that D.N. testified that he observed C.N. driving Freeman's car away from the Municipal Gardens. Id. at 8.

Here, even assuming that Freeman's statement that she "was at work and [] got a call from Darius Johnson stating that [her] vehicle was stolen" was hearsay,[3] we observe

---

[3] We note that such an assumption in this case is far from a surety. As noted above, in order for a

that following the testimony of Freeman, the State called the declarant of that statement, Johnson. Transcript at 6. Johnson testified that Freeman loaned her car to him, that he saw C.N. at the Municipal Gardens, that when he attempted to leave the Municipal Gardens he realized that the car, as well as the bag containing the car keys, had been stolen, and that he phoned the police to report the car stolen. We also note that D.N. testified that he went with Johnson to the Municipal Gardens, that at one point he left, that when he returned he observed Freeman's car being driven by someone other than Johnson and pursued the car, and that before losing the vehicle he identified C.N. as the driver. Finally, Officer Carmack testified that a few days later, on August 12, 2012, he pulled C.N. over while C.N. was driving Freeman's vehicle for failure to obey a stop sign, and during the stop he ran the VIN and found that the car had been reported stolen.

Thus, the evidence presented at the hearing against C.N. was overwhelming, and Freeman's testimony did not impair C.N.'s substantial rights. Accordingly, we conclude that any error in admitting Freeman's testimony was harmless. See Jones v. State, 982 N.E.2d 417, 430 (Ind. Ct. App. 2013) (holding that even if the trial court's decision to admit into evidence the probable cause affidavit allowed in inadmissible hearsay, any error was harmless because the evidence presented at trial was overwhelming and the defendant did "not identify a single fact that the State admitted into evidence via the

_____

statement to be hearsay it must be offered for the truth of the matter asserted. Following C.N.'s objection to Freeman's testimony, the court, in allowing the testimony to stand, stated that it "will not consider it substantive evidence but [will] allow an answer as to how [Freeman] proceeded." Transcript at 7. As noted by the State, in its brief, the Indiana Supreme Court has stated that on review we are to presume that the juvenile court knows the law. See Emerson v. State, 695 N.E.2d 912, 917 (Ind. 1998), reh'g denied.

probable cause affidavit which was not cumulative of" other evidence properly admitted), <u>trans.</u> <u>denied</u>.

For the foregoing reasons, we affirm C.N.'s true finding for committing a delinquent act, which, if committed by an adult, would constitute auto theft.

Affirmed.

RILEY, J., and BRADFORD, J., concur.