**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2013, 7:11 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON MATLOCK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-CR-742 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose D. Salinas, Judge
Cause No. 49G14-1205-FD-29318

**June 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jason Matlock appeals the admission of evidence police obtained pursuant to a traffic stop. As the police had reasonable suspicion he violated a statute or ordinance, we affirm.

## FACTS AND PROCEDURAL HISTORY

A police officer saw a car Matlock was driving stopped in the street in such a position that it blocked both lanes of traffic. The officer recognized that as a "stoppable offense," (Tr. at 89), so after the officer passed Matlock on a cross street he turned his cruiser around, and pulled up behind the car. Matlock pulled to the curb and exited the car. The officer recognized Matlock and knew his driver's license was suspended. Matlock walked away from the car and ignored the officer's orders to stop. The officer grabbed Matlock's arm and smelled a strong odor of marijuana from Matlock. As he placed Matlock between Matlock's car and the police car, the officer noticed the odor of marijuana coming from Matlock's car. Matlock was arrested for driving while suspended. Police found marijuana and a scale in the car and "piles of cash," (*id.* at 48), in Matlock's pockets.

Matlock moved to suppress the evidence obtained from the traffic stop on two grounds: no traffic had actually been obstructed by Matlock's car, and the officer could not have had reasonable suspicion Matlock's driving privileges were suspended because he did not recognize Matlock until after the stop. The court denied his motion and, after a bench trial, convicted Matlock of possession of marijuana as a Class D felony[1] and driving while suspended as a Class A misdemeanor.[2]

---

[1] Ind. Code § 35-48-4-11.

[2] Ind. Code § 9-24-19-2.

2

## DISCUSSION AND DECISION

A trial court has broad discretion in ruling on the admissibility of evidence, *Turner v. State*, 878 N.E.2d 286, 292 (Ind. Ct. App. 2007), *trans. denied*, and we will reverse only when there is an abuse of discretion. *Id.* An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

A police officer may briefly detain a person for investigatory purposes without a warrant or probable cause if, based on specific and articulable facts together with rational inferences from those facts, the official intrusion is reasonably warranted and the officer has a reasonable suspicion that criminal activity "may be afoot." *Moultry v. State*, 808 N.E.2d 168, 170-71 (Ind. Ct. App. 2004) (quoting *Terry v. Ohio,* 392 U.S. 1, 21–22 (1968)). Reasonable suspicion is a "somewhat abstract" concept, not readily reduced to "a neat set of legal rules." *Id*. at 171 (quoting *United States v. Arvizu,* 534 U.S. 266, 274 (2002)). When determining whether there was reasonable suspicion, we examine the totality of the circumstances to see whether the detaining officer had a particularized and objective basis for suspecting legal wrongdoing. *Id.* The reasonable suspicion requirement is met where the facts known to the officer at the moment of the stop, together with the reasonable inferences arising from such facts, would cause an ordinarily prudent person to believe criminal activity has occurred or is about to occur. *Id*. We review *de novo* the trial court's ultimate determination regarding reasonable suspicion. *Id.*

We may affirm the trial court's ruling on the admissibility of evidence if it is sustainable on any legal basis in the record, even though it was not the reason enunciated by

3

the trial court.[3]  *Reeves v. State*, 953 N.E.2d 665, 669-70 (Ind. Ct. App. 2011), *trans. denied*. The officer's good faith belief that Matlock violated a traffic ordinance provided such a legal basis.

The officer who stopped Matlock testified Matlock's car was in the middle of the street facing south and obstructing both the northbound and southbound lanes.  That, he testified, was a traffic violation.  As he had seen a "stoppable offense," (Tr. at 9), the officer turned his car around and activated his emergency equipment, and Matlock pulled to the curb.  When Matlock exited the car, the officer recognized him and recalled that Matlock's license was suspended.

Ind. Code § 35-42-2-4 provides:

A person who recklessly, knowingly, or intentionally obstructs vehicular or pedestrian traffic commits obstruction of traffic, a Class B misdemeanor.
(b) The offense described in subsection (a) is:
     (1) a Class A misdemeanor if the offense includes the use of a motor vehicle; and
     (2) a Class D felony if the offense results in serious bodily injury.

There is a Marion County ordinance to the same effect.  Sec. 441-312 provides:

It shall be unlawful for the driver or operator of any vehicle to operate or stop such vehicle in such a manner as to block or obstruct any street or highway within the city or prevent the free use of any street or highway for the purpose of travel thereon by other vehicles, either willfully or when such driver or operator is able to avoid so doing by ordinary care.

http://library.municode.com/index.aspx?clientId=12016 (last visited May 9, 2013).  The officer did not see Matlock's car obstruct any other vehicles, but testified it could have.

---

[3]  Matlock correctly notes the trial court did not base its denial of the motion to suppress on the ordinance violation.  In light of the *Reeves* standard, that does not require reversal.

4

Police may stop a person to investigate possible criminal behavior without the probable cause required for an arrest if they have a reasonable and articulable suspicion that the person has been, is, or is about to break the law. *Wells v. State*, 772 N.E.2d 487, 489 (Ind. Ct. App. 2002). Specifically, police officers may stop a vehicle when they observe a minor traffic violation. *State v. Quirk*, 842 N.E.2d 334, 340 (Ind. 2006). As Matlock's car was stopped "in such a manner as to block or obstruct any street or highway within the city or prevent the free use of any street or highway for the purpose of travel thereon by other vehicles," in violation of Marion County Ordinance § 441-312, the officer had reasonable suspicion Matlock was breaking the law, and we therefore cannot say denial of his motion to suppress was error. We accordingly affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.