## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Ana M. Quirk | Curtis T. Hill, Jr. |
| Muncie, Indiana | Attorney General of Indiana |
| | Marjorie Lawyer-Smith |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Eugene Murray, | November 15, 2019 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CR-1350 |
| v. | Appeal from the Delaware Circuit Court |
| State of Indiana, | The Honorable Thomas A. Cannon, Jr., Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 18C05-1707-F4-41 |

**Baker, Judge.**

[1] William Murray appeals the sentence imposed by the trial court after his probation was revoked, arguing that the trial court erred. Finding no error, we affirm.

[2] On July 28, 2017, the State charged Murray with Level 4 felony possession of methamphetamine. Then, on January 30, 2018, Murray agreed to plead guilty. At Murray's February 9, 2018, sentencing hearing, the trial court sentenced him to twelve years of supervised probation. As a condition of his probation, Murray was required to complete substance abuse treatment at an inpatient facility and then complete further treatment as part of an outpatient halfway house substance abuse program.

[3] However, on January 18, 2019, the State filed a petition to revoke Murray's probation, alleging that Murray had committed various new criminal offenses. Further, the State alleged that Murray had violated multiple conditions of his probation, including failure to report regularly to his probation officer, to notify the probation officer within forty-eight hours of interaction with law enforcement, and to participate in any inpatient or outpatient substance abuse treatment. The trial court set the matter for a hearing.

[4] At the April 30, 2019, hearing, Murray admitted that, during his probationary period, he had pleaded guilty to one of the alleged criminal offenses the day before the hearing, that he had not reported to his probation officer between February 2018 and January 2019, and that he had not completed any of the required substance abuse treatment programs. Additionally, it was revealed that

Murray had been charged in a separate criminal case that was dismissed on procedural grounds.[1] Based on these facts, the trial court entered an order revoking Murray's probation.

[5] At the May 30, 2019, sentencing hearing for Murray's probation revocation, the trial court ordered that Murray serve six years of his previously-suspended sentence in the Department of Correction, with the remaining six years still suspended to supervised probation. Murray now appeals.

[6] Murray's sole argument on appeal is that the trial court erred in how it sentenced him after revoking his probation. We will reverse a trial court's sentencing decision in a probation revocation proceeding only if it is against the logic and effect of the facts and circumstances before the court. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006).

[7] According to Indiana Code section 35-38-2-3(f), to revoke a defendant's probation due to an alleged violation, "the state must prove the violation by a preponderance of the evidence." Thereafter, if the State has proved that a violation of probation occurred, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of the initial sentencing." I.C. § 35-38-2-3(h)(3).

---

[1] In this separate criminal proceeding, the trial court granted Murray's motion to suppress evidence that the State relied upon to attain a conviction, thereby dismissing the case.

[8] Here, Murray plainly admitted to violating multiple conditions of his probation, including not maintaining contact with his probation officer, pleading guilty to another criminal offense, failing to notify his probation officer that he had been in contact with the police, and not attending any of his required inpatient or outpatient substance abuse treatment programs.

[9] Based on these facts, the trial court was well within its discretion to revoke Murray's probation. *See Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007) (holding that "violation of a single condition of probation is sufficient to revoke probation"). And consequently, the trial court had the statutory authority to order Murray to serve part—six years—of his previously-suspended sentence. Any argument to the contrary ignores the clear and undisputed circumstances of Murray's case.[2] In sum, the trial court did not err.

[10] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.

---

[2] Both parties spend most of their time arguing over whether the trial court erred by admitting testimony from police officers that had been deemed inadmissible during a separate hearing on Murray's motion to suppress. Probation revocation hearings permit "procedures that are more flexible than in a criminal prosecution," *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007), and "the Rules of Evidence do not apply in probation revocation hearings," *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). As such, it was permissible for the trial court to hear this evidence for purposes of sentencing. Moreover, even if the trial court did err, it is more than likely the trial court relied upon Murray's admissions—not the police officers' testimony—in concluding that Murray had violated the conditions of his probation. Thus, the error was, at most, harmless. *See Fleener v. State*, 656 N.E.2d 1140, 1142 (Ind. 1995) (holding that the trial court's admission of otherwise "erroneously admitted testimony" is harmless error when there is sufficient, independent evidence of guilt).